KING CITY, MISSOURI, for Use and Benefit of UNITED STATES CAST IRON PIPE & FOUNDRY COMPANY, Appellant, v. SOUTHERN SURETY COMPANY, Appellee.

No. 40844.

Charles M. Miller, and Carr, Cox, Evans & Riley, for appellants.

David A. Murphy, and Parrish, Cohen, Guthrie, Watters & Halloran, for appellee.

WAGNER, J.—This action is brought by King City, Missouri, for the use and benefit of the United States Cast Iron Pipe & Foundry Company, which will be hereinafter referred to as the plaintiff-company. There is due and owing said company for material which went into the construction of the waterworks system, and which material was furnished by the plaintiff-company to the contractor, Beeson, the sum of $15,889.92, with interest thereon from December 1st, 1923.

On June 27th, 1923, Beeson, dealing under the name of Beeson Machinery Company, entered into a contract with King City, Missouri, by the terms of which he agreed to furnish all material, labor and tools for the construction of a waterworks system in said city in accordance with certain plans and specifications. The contract, which is in the form of an accepted proposal, contains the following provisions:

"We, the undersigned, respectfully submit our proposal for

the furnishing of all material, labor, tools and miscellaneous items of every description necessary for the proper construction and completion of the herein specified waterworks system, as given on the plans and in the specifications, and set forth in the approximate list of quantities incorporated herewith. * * *

"It is hereby agreed that the accompanying 5% certified check shall be returned to the bidder at the letting, if bid is not accepted, and if bid is accepted upon submission of a satisfactory surety bond in an amount equivalent to 100%, covering the construction of the work and the payment of all bills in connection with same, and in case contract is awarded and bidder fails to furnish the required surety bond within 15 days this check shall be forfeited as liquidated damages to the city."

The specifications referred to in the contract contain the following provisions relative to the furnishing of bond:

"A surety Company Bond, assuring the faithful performance of the contract will be required in a sum equal to 100% of the contract price. This bond shall be filed with the municipality until the work has been entirely completed and three months' satisfactory operation been secured, after which the bond shall be returned to the contractor. The bond shall include a provision for the protection of mechanics, laborers and persons furnishing material for the construction of public improvements."

On the same date, to wit, June 27th, 1923, the Beeson Machinery Company, which was in fact F. M. Beeson, as principal, and the defendant-surety company, as surety, executed unto King City, Missouri, a bond in words and figures as follows to wit:

"Southern Surety Company,
"Home office * * * * * * * * * * * Des Moines, Iowa.
"Individual and Firm Contract Bond.

"Know All Men by These Presents: That Beeson Machinery Co., of Kansas City, Missouri (hereinafter called the principal) and Southern Surety Company, with general office in Des Moines, Iowa, a corporation, organized under the laws of Iowa (hereinafter called the Surety) are held and firmly bound unto the City of King City, Mo., (hereinafter called the Obligee), in the full and just sum of Fifty Thousand ($50,000.00) dollars,

lawful money of the United States, to the payment of which sum, well and truly to be made, the said principal bind ourselves, heirs, executors, and administrators, and the said Surety binds itself, its successors and assigns, jointly and severally, firmly by these presents. Signed, sealed and Delivered this 27th day of June, A. D. 1923.

"Whereas, said Principal has entered into a certain written contract with the obligee, providing for the furnishing of all labor and materials necessary for the installation and completion of water works improvements in accordance with plans and specifications prepared by E. T. Archer & Co., Engineers, which contract together with plans and specifications are made to form a part of this bond the same as though copied at length herein.

"Now, therefore, the condition of the foregoing obligation is such that if the said Principal shall well and truly indemnify and save harmless the said Obligee from any (pecuniary) loss resulting from the breach of any of the terms, covenants and conditions of the said contract on the part of the said Principal to be performed then this obligation shall be void, otherwise to remain in full force and effect in law."

Following the above and foregoing quoted portion of the bond are four provisos which we deem immaterial in the controversy between the parties.

Relative to the duties of officials and boards in taking a contractor's bond for public works, the conditions required in the bond and the right of persons furnishing material and performing labor to bring suit thereon in the name of the obligee, the Missouri code (Revised Stat., 1919) contains the following sections:

"Section 1040. Contractors for public work required to give bond.—It is hereby made the duty of all officials, boards, commmissions or agents of the state, or of any county, city, town, township, school or road district in this state, in making contracts for public work of any kind to be performed for the state, county, town, township, school or road district, to require every contractor for such work to execute a bond to the state, county, city, town, township, school or road district, as the case may be, with good and sufficient sureties, and in an amount to be fixed by said officials, boards, commissions, commissioners or

agents, and such bond, among other conditions, shall be conditioned for the payment of material used in such work and for all labor performed in such work, whether by subcontractor or otherwise.''

''Section 1041. Id. Suit on bond—proceedings.—Every person furnishing material or performing labor, either as an individual or as a subcontractor for any contractor, with the state, or any county, city, town, township, school or road district, where bond shall be executed as provided in section 1040, shall have the right to sue on such bond in the name of the state, county, city, town, township, school or road district, for his use and benefit, and in such suit the plaintiff shall file a copy of such bond, certified by the party or parties in whose charge such bond shall be, which copy shall, unless execution thereof be denied under oath, be *prima facie* evidence of the execution and delivery of the original: *Provided, however,* that sections 1040 and 1041 shall not be taken to in any way make the state, county, city, town, township, school or road district liable to such subcontractor, materialman or laborer to any greater extent than it was liable under the law as it stood before the adoption originally of said sections 1040 and 1041.''

Beeson, the contractor, began the performance of his contract with the city but subsequently defaulted, and the surety company, in accordance with the right given it by the provisions of the bond, completed the construction of the waterworks system. Beeson has become a bankrupt and is indebted to the plaintiff-company for material in the amount hereinbefore designated. Plaintiff in this action brings suit upon the bond, makes the bond a part of the petition, pleads the two sections of the Missouri Code hereinbefore quoted and alleges that its rights under the bond are controlled and governed by the laws of the state of Missouri, ''as declared by the Supreme Court of that state in Fogarty v. Davis, 264 S. W. 879.'' The defendant admits the execution of the bond, but denies liability thereunder for the amount owing by Beeson to the plaintiff-company. Its contention at this point is, ''that the bond is not a statutory bond and that by the clearest possible terms it inures solely to the benefit of King City and that plaintiff cannot maintain an action thereon.'' It relies for its contention upon many cases, includ-

ing City of St. Joseph ex rel. Consolidated Stone Co. v. Pfeiffer Stone Co. (Mo.), 26 S. W. (2nd) 1018, and Southern Surety Company v. United States Cast Iron Pipe & Foundry Company, 13 Fed. (2nd) 833, in which latter case the plaintiff-company, King City, Missouri, F. M. Beeson, doing business under the name and style of the Beeson Machinery Company, and the defendant-company are the parties litigant in the suit which involves the same transactions as those herein involved. In Southern Surety Company v. United States Cast Iron Pipe & Foundry Company, 13 Fed. (2nd) 833, the court distinguishes the bond involved in Fogarty v. Davis, 264 S. W. (Mo.) 879, and the bond herein involved, and the court held that the bond in the instant case is not a statutory bond and that without reformation the bond was conditioned solely for the benefit of King City, and gave no right to the plaintiff-company to recover thereon the balance due on account of materials furnished by it to Beeson. We find it unnecessary to declare what would be our view on this proposition were it squarely before us for determination in the first instance, for the defendant-company in a separate count of its answer, pleads res adjudicata. In other words, it pleads the decision of the court in Southern Surety Company v. United States Cast Iron Pipe & Foundry Company, 13 Fed. (2nd) 833, a suit brought in the Federal District Court of Missouri by the plaintiff-company against the defendant-company and appealed by the latter to the Circuit Court of Appeals of the 8th Circuit and the judgment rendered thereunder as a complete adjudication of the rights of the plaintiff attempted to be litigated in this action.

It is elementary that in order for a judgment in a former action to constitute res adjudicata or an estoppel, the subsequent action must be between the same parties or privies of the parties to the former litigation. The suit in the Federal Court was prosecuted by the plaintiff-company. The instant suit is prosecuted by King City, for the benefit of the plaintiff-company. King City has no interest in this litigation, and the only party who could be benefited by a verdict in favor of the plaintiff is the plaintiff-company. It is not claimed by the appellant that there is lack of identity of parties.

In the former suit brought in the Federal Court, the plaintiff alleged the furnishing by it of the material to Beeson, and

that the same went into the construction of the work. It alleged the execution of the bond and prayed for a reformation of same, so as to include.therein a provision for the payment of the material used in said waterworks system, and asked judgment against the surety company for the amount remaining unpaid. The surety company attacked the petition filed in the Federal Court by motion, alleging that the plaintiff is not a party to the contract (bond) set out in the petition, and occupies no position of privity, or otherwise, that would permit it to bring the action against defendant. This motion was overruled and the surety company filed its answer, alleging therein that the plaintiff is not a proper party to any action brought upon or in connection with the bond and alleging in substance that the bond is not a statutory bond. The Federal District Court determined the cause of action in favor of the plaintiff, decreed reformation of the bond and entered judgment in favor of the plaintiff-company and against the surety company for the amount due upon plaintiff's claim. The surety company perfected an appeal to the Circuit Court of Appeals. In its appeal and assignments of error the surety company, among other things, alleged that the court erred "in not holding and decreeing that said bond executed by this defendant, as surety to the said City of King City as obligee, was executed for the sole benefit of said City of King City, the obligee therein, and that complainant herein, not being a party to said bond, or in privity with any one who was a party, was not entitled to any relief on account of said bond against this defendant, either for reformation *or otherwise*."

This contention of the surety company was urged in its specifications of error in its brief and argument in the appellate court. The plaintiff-company asserted the converse of the surety company's contentions. It alleged in its brief prepared for the appellate court:

"The bond in this case is clearly a statutory bond and the District Court did not err in so construing the obligation of the party."

"Appellee was such a party to the contract or stood in privity with a party to the contract so as to enable it to maintain its bill for reformation."

The surety company alleged in its brief prepared for the appellate court: .·

"Since the bond in this case is not a statutory bond but a common law bond, the complainant has no rights under it unless it appears from the bond itself that it was made for his benefit as one of its primary objects; and since it appears conclusively from the bond that it was made solely for the benefit of King City and in no manner for the benefit of the complainant, he can have no rights under it."

The Circuit Court of Appeals held that the bond is not a statutory bond and:

. "That, without reformation, the bond in the instant case was conditioned solely for the benefit of King City, and gave no right to the United States Company (the plaintiff-company) to recover thereon the balance due on account of materials furnished by it to Beeson."

The appellate court further denied reformation, reversed the Federal District Court "with instructions to enter judgment in favor of the surety company." See Southern Surety Company v. United States Cast Iron Pipe & Foundry Company, 13 Fed. (2nd) 833. The mandate of the appellate court contains the following provision:

"It is further ordered that this cause be and the same hereby is remanded to the said District Court with instructions to enter judgment in favor of the Surety Company."

. Upon the coming down of the mandate from the Circuit Court of Appeals, the plaintiff-company filed a motion in the Federal District Court, asking that the court dismiss its bill of complaint without prejudice. This motion was overruled, and judgment was entered in accordance with the decision and mandate of the appellate court. No appeal from the ruling on the motion was taken.

The question for our determination is as to whether or not the foregoing matters litigated in the Federal Courts constitute res adjudicata of the cause of action now attempted to be litigated by the plaintiff-company. The doctrine of res adjudicata applicable to the instant case has been stated in numerous author-

ities. While the courts use different phraseology in announcing the doctrine, the principle declared is the same. In Cromwell v. County of Sac (U. S.), 24 Law. Ed. 195, the court made the following pronouncement:

"* * * there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. * * * But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue *or points controverted,* upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action." (Writer's Italics.)

One of the points controverted in the former suit was as to whether or not the bond was a statutory bond, and whether or not the bond was for the sole benefit of King City or inured to the benefit of the plaintiff-company, and the Court of Appeals held that it was not a statutory bond, and as written was for the sole benefit of King City. In the instant case, the plaintiff-company claims that the bond is a statutory bond and inures to its benefit. Again, in Southern Pacific Railroad Company v. United States, (U. S.) 42 L. Ed. 355, at 377, the Supreme Court declared:

"The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of

recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order: for the aid of judicial tribunals would not be invoked for the vindication of rights of person and property, if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue and actually determined by them.''

In Pierce v. National Bank of Commerce, 268 Fed. 487, the court declared:

''When the second suit is upon a different cause of action, but between the same parties as the first, the judgment in the former action operates as an estoppel in the latter as to every point and question which was actually litigated and determined in the first action; but it is not conclusive relative to other matters which might have been, but were not, litigated or decided.''

In State of Oklahoma v. State of Texas (U. S.), 65 L. Ed. 831, at 834, the court declared:

''The general principle, applied in numerous decisions of this court, and definitely accepted in Southern Pacific R. Co. v. United States, 168 U. S. 1, 48, 49, 42 L. Ed. 355, 376, 377, 18 Sup. Ct. Rep. 18, is, that a question of fact or of law, distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery *or defense* in a suit or action between parties sui juris, is conclusively settled by the final judgment or decree therein, so that it cannot be further litigated in a subsequent suit between the same parties or their privies, whether the second suit be for the same or a different cause of action.'' (Writer's italics.)

In Goodenow v. Litchfield, 59 Iowa 226, at 231, this court made the following pronouncement:

"The rule, as appears to be well stated by all the authorities, is, that where a former judgment or decree is relied upon as a bar to an action it must appear either by the record or by extrinsic evidence that the particular matter in controversy and sought to be concluded was necessarily tried and determined in the former action."

This court is committed to the doctrine that res adjudicata does not rest upon the fact that a particular proposition has been affirmed and denied in the pleadings of the former suit, but upon the fact that it has been fully and fairly investigated and tried therein. See Reynolds v. Lyon County, 121 Iowa 733. We there said:

"The prevailing rule is so well expressed in Black on Judgments, section 614, that we quote with approval: 'The doctrine of *res judicata* does not rest upon the fact that a particular proposition has been affirmed and denied in the pleadings, but upon the fact that it has been fully and fairly investigated and tried; that the parties have had an adequate opportunity to say and prove all that they can in relation to it; that the minds of court and jury have been brought to bear upon it, and so it has been solemnly and finally adjudicated. Now, these conditions are fully met when any question, though foreign to the original issue, becomes the decisive question—the turning point—in the case. In that event it will receive just as full and exhaustive an examination as if it were the sole subject-matter of a distinct and independent suit, and therefore should be considered as much settled by the judgment as if it stood alone as the issue in the case. For these reasons the more correct doctrine is that the estoppel covers the point which was actually litigated, and which actually determined the verdict of (or) finding, whether it was statedly and technically in issue or not.' "

As to this proposition, also, see Lyons v. Empire Fuel Company, 262 Fed. 465.

Matters which follow by necessary and inevitable inference from the judgment—findings or determinations of the court in relation to the subject matter of the suit which are necessarily implied from its final decision, as being determinations which it must have made in order to justify the judgment as rendered—

are equally covered by the estoppel as if they were specifically found in so many words. See 34 C. J., 923.

Applying the foregoing rules to the proposition confronting us, it seems quite clear that the plaintiff is estopped from maintaining the action now attempted to be litigated, by the former adjudication of the Federal Court. One of the matters tried, submitted and determined in the former action was as to whether or not the bond inured to the benefit of the plaintiff-company, or only to the benefit of King City, the obligee. In the former action, the surety company contended that the bond was not a statutory bond. On the other hand, the plaintiff-company contended in said action that it was a statutory bond. The appellate court held, in accordance with the surety company's contention, that it was not a statutory bond. The surety company in said action contended that the bond was executed for the sole benefit of King City, the obligee therein; while the plaintiff-company contended to the contrary. The appellate court held that the bond was not a statutory bond and that without reformation, the bond was conditioned solely for the benefit of King City and gave no right to the plaintiff-company to recover thereon, denied reformation and *ordered that judgment be entered in favor of the surety company.* It is quite apparent that the question as to whether or not the bond sued on was a contract made for the benefit of plaintiff-company was in issue, or a point controverted; that it was a material issue or point as between the parties litigant, and that the appellate court determined that the bond as written inured only to the benefit of King City, and for that reason, since the plaintiff-company was not entitled to reformation, necessarily ordered that judgment be entered in favor of the surety company. The appellate court made no reservations from its decision but on the matters submitted ordered judgment to be entered in favor of the surety company; and in order to arrive at said conclusion, the matter now sought to be litigated was necessarily considered and determined.

The issue as to whether or not the bond sued on in this case was made for the benefit of the plaintiff-company or was a contract made for the sole benefit of King City necessarily inhered in the judgment of the Circuit Court of Appeals, denying reformation. The plaintiff in the instant suit is seeking a decision from this court that it was the intention of the parties

that this bond inure to appellant's benefit—that the minds of the parties met upon an agreement for the appellant's benefit, under which it is entitled to recover for the material sold by it to the contractor. In the former suit, the plaintiff-company alleged in its petition "that it was the intention and purpose of defendant, Beeson Machinery Company, defendant, King City, Missouri, and its officials to require and exact of the defendant, Southern Surety Company, a bond as provided by said contract (the contract between the contractor and King City) and said statute (the one hereinbefore set out) to cover the payment for material used in said Waterworks System as was furnished by plaintiff," and that said surety company so contracted, etc. This is denied by the surety company in its answer. The basic question involved in the reformation part of the former action was: Did the minds of the parties meet upon an agreement for the plaintiff-company's benefit, which is the same basic question in the instant suit? The Circuit Court of Appeals, upon the record, found:

"There was no showing that the minds of the parties clearly met upon an agreement that the bond should be conditioned for the payment of material used in the work. There was no showing by evidence of the 'clearest and most satisfactory character' that the language of the contract deliberately used and dictated by the representative of the city, and not by the surety company, failed to express the true intent or meaning of the contract theretofore agreed upon between the city and the representative of the surety company."

Therefore, the finding of the court of appeals in the former litigation was that the bond expressed the true intent of the parties and that, as written, it "was conditioned solely for the benefit of King City, and gave no right to the United States Company (plaintiff-company) to recover thereon the balance due on account of materials furnished by it to Beeson." .The plaintiff in the instant case, now seeks to recover upon the bond as written, and upon practically the same evidence which was offered in the former suit. It is estopped by reason of the former adjudication and the surety company's plea of res adjudicata must prevail. See, Lyons v. Empire Fuel Company, 262 Fed. 465. The plaintiff in the instant case—a party to the

former litigation—is virtually asking the district court of Polk County and this court to reverse the findings and judgment of the Federal Courts rendered in the former suit. This, we have no power to do.

█ The appellant contends that the judgment of the Federal Court cannot be res adjudicata for the reason, as claimed, that the Court of Appeals had no jurisdiction to determine any question other than whether or not the plaintiff-company was entitled to the equitable relief of reformation. It relies upon some Federal cases, where the jurisdiction to grant legal relief in a suit in equity was challenged by one or the other of the parties to the litigation. This is not the situation in the instant case; neither party challenged the jurisdiction to render a money judgment. The plaintiff-company invoked it and the surety company acquiesced. Neither the plaintiff nor the defendant asked to have the matter as to whether the plaintiff was entitled to a money judgment transferred to the law side of the calendar. Plaintiff's primary claim and demand in the action was the recovery of a money judgment upon the bond for the material which it sold to the contractor. The requested reformation of the bond was only incidental or auxiliary to the primary relief demanded. All matters were tried and submitted to the court without a jury, without objection by either party, and fully presented to the appellate court. In such situation, the judgment is binding upon all parties and the plaintiff-company is in no position to complain. See, Connecticut Fire Ins. Co. v. McNeil, (C. C. A.) 35 Fed. (2nd) 675, where the court said:

"The case was not one in which the equitable relief sought was the chief purpose of the litigation and the legal relief merely incidental, such as in Munger Laundry Co. v. National Marking Mach. Co., 252 F. 144 (C. C. A., 8). Recovery upon the policy was the main purpose; reformation merely an apparently necessary condition precedent."

Moreover, Section 397, 28 U. S. C. A., Section 2742, Judicial Code, provides, that in case any United States Court shall find that a suit in equity should have been brought in law, the court shall order any amendments to the pleadings which may be necessary to conform them to the proper practice and that the cause shall proceed and be determined upon such amended plead-

1244

ings, etc. In the instant case, the Circuit Court of Appeals (a United States Court) did not find that the plaintiff-company had an action at law against the surety company, but did find that the bond as written was conditioned solely for the benefit of King City and gave no right to the plaintiff-company to recover thereon for the material furnished to Beeson.

An all-sufficient reason against the appellant's contention at this point is, that the judgment of the Federal Court cannot be collaterally impeached as attempted by the appellant. Since the Federal Court had jurisdiction of the parties and of the subject matter, then the judgment, even if erroneous, is binding upon the parties until modified or set aside by some direct proceeding, either before the same court or in an appellate court. This proposition is sustained by many authorities, but see Des Moines Navigation Company v. Iowa Homestead Company (U. S.), 31 L. Ed., 202; Throckmorton v. Hickman, 279 Fed. 196. In the latter case, it is said:

"It is an established rule that the verity of the record and the validity of a judgment of a superior court of general juris-diction cannot be collaterally impeached. * * * 'The general and well-settled rule of law in such cases is that, when the proceedings are collaterally drawn in question, and it appears on the face of them that the subject-matter was within the jurisdiction of the court, they are voidable only. The errors and irregularities, if any exist, are to be corrected by some direct proceeding, either before the same court, to set them aside, or in an appellate court.' "

In the instant case, the Federal Court had jurisdiction of the parties and of the subject matter. Therefore, the judgment of said court cannot be collaterally impeached as attempted by the plaintiff-company.

It is apparent from the foregoing, that the surety company's plea of res adjudicata must be sustained. The judgment of the trial court is correct, and the same is hereby affirmed.—Affirmed.

EVANS, J., not participating. All other justices concur.