EDWARD KUNKEL, Appellee, v. EASTERN IOWA LIGHT & POWER COOPERATIVE, Appellant.

No. 46034.

October 27, 1942.

Glenn D. Kelly and Carlton E. Kelley, both of Davenport, for appellant.

Waldo M. Wissler, of Davenport, for appellee.

BLISS, J.—█ There is but one matter to which we need direct our attention, and that is the complaint of the appellant respecting the adverse rulings of the trial court on the issue of prior adjudication by the unemployment compensation commission that the appellee was employed by one other than appellant.

The abstract sets out no evidence. It contains only the pleadings and other filings and matters of record. On October 3, 1939, the appellee filed his petition in two separate actions. One was against the appellant alone. He alleged therein that the appellant had employed him as an electrical engineer about May 15, 1936, and as a part of the transaction had orally agreed to buy his stock, tools, and other equipment, for $800; that appellant gave him employment but refused to accept the property sold or to pay for it. He prayed for damages for the breach of contract.

The other action was against the appellant and the executrix of the estate of John P. Hand, deceased. He alleged that about

May 15, 1936, he was orally employed, by appellant's manager, with Hand, to assist said parties in constructing transmission lines, at a stipulated wage and mileage for travel, for an indefinite period; that on August 31, 1937, there was a balance owing him of $6.89; that for services performed and expenses between September 1, 1937, and November 8, 1937, there was owing him the sum of $335.61; and that for overtime from November 8, 1937, to about May 1, 1938, he was entitled to $231.20. On motion of the parties, the court ordered the actions consolidated on November 1, 1940. At this time the appellee dismissed the action as to the executrix. On March 13, 1941, appellant filed one answer in the combined actions. It is quite long, but, so far as pertinent, denies the alleged agreements, and in paragraphs III and IV stresses the alleged fact that the appellee had been in the employ of John P. Hand during all the times involved. In paragraphs V and VI, appellant, as further answer, alleges as a complete defense, estoppel, by decision and judgment, and by res judicata, because of the decision of the commission. In support of these last two paragraphs, appellant attached 13 interrogatories directed to the appellee. Attached to the answer is Exhibit A, being a copy of the decision of the commission on the appeal of the appellant from the finding of the "Appeal Tribunal" allowing the appellee's claim for benefits. It appears from this exhibit that on May 29, 1939, the appellee filed his claim for benefits under the Iowa Unemployment Compensation Law. The exhibit does not show the averments of this claim, and neither does the abstract. They appear in appellee's argument.

◼ Disregarding the latter, we go to the statute and find that the unemployed individual shall be eligible to receive benefits only if the commission finds (Code section 1551.10): (A) He has registered for work as required by the commission. (B) He has made a claim for benefits in accordance with section 1551.12 (A). (C) He is able to and available for work. (D) "Prior to any week, in any benefit year, for which he claims benefits he has been totally unemployed for a waiting period of two weeks * * *." (E) "He has within the first four out of the last five completed calendar quarters immediately

preceding the first day of his benefit year, earned wages in employment by employers equal to not less than fifteen times his weekly benefit amount.''

We may assume that appellee's claim alleged these statutory requisites. In any event, it was necessary only for the commission to find that these five essentials had been established in order to allow the claim of appellee. Exhibit A discloses that the initial determination by the deputy, on July 25, 1939, was a denial of the claim. Appellee appealed therefrom, stating that, "No wage record appears for myself for period from July 1, 1937 to January 1, 1939, with the exception of $11.54 shown in the third quarter of 1938. I claim that I was employed by the Eastern Iowa Light & Power Cooperative of Davenport, Iowa, under the direction of John P. Hand, Chief Engineer." The "Appeal Tribunal," on August 22, 1939, reversed the deputy and allowed the claim. The power company then appeared and appealed. Whether any notice thereof was served upon Kunkel does not appear. We find no provision for such notice in the statute. Division E of Code section 1551.12 provides that the commission shall promptly notify the interested parties of its findings and decision on any appeal to it, or on any review on its own motion.

The hearing on this appeal of the power company before the commission was at Des Moines, on September 11, 1939. As the able and experienced Judge Jackson found, this was an *ex parte* hearing. The decision of the commission states:

"* * * no appearance representing the worker; Glenn D. Kelly, Attorney, representing the employer; and S. N. Jordan, Manager, representing the employer; and Ralph Fay, witness for the employer."

It was strictly an ex parte hearing, with no one represented but the power company. John P. Hand was not represented. He had died on March 30, 1939. His widow, who was also executrix of her husband's estate, was not there, and so far as the record shows, she was never notified of the hearing. In this situation, without any opportunity to be heard on the part of Kunkel, or the Hand estate, the commission found and decided:

"That the claimant performed services for John P. Hand, who had a contract for engineering services with the Eastern Iowa Light & Power Cooperative. That John P. Hand is a defined employer under Section 1551.25F for the years 1936, 1937, 1938 and until the time of his decease in 1939. That under Section 1551.25E the Eastern Iowa Light and Power Cooperative Co. is not required to file reports or pay contributions on the earnings of any individuals in the employ of said John P. Hand. That the claimant will receive benefits based on his earnings with John P. Hand, * * *

"That the administrator of the John P. Hand estate will be required to file reports and pay contributions on all the employees of the deceased John P. Hand for the years 1936, 1937, 1938 and until the time of his decease in 1939.

"* * * That the said John P. Hand entered into an oral contract of hire with the claimant, Edward M. Kunkel. That said oral contract provided that the claimant would receive a salary of $150 a month. That the claimant started to work on approximately May 15, 1936, and, with the exception of a few temporary layoffs, was so employed until May 1939. The testimony of competent witnesses shows Mr. John P. Hand had eight or more men employed for some portion of fifteen different days, each such day being in a different calendar week in 1936. The Eastern Iowa Light & Power Cooperative has submitted an operating account showing that John P. Hand had eight or more men employed for part of fifteen different days, each such day being in a different calendar week in 1938. That the said John P. Hand died early in 1939 and the evidence shows that he was an independent contractor with authority and full power to select, employ and control his own employees."

This decision was made on the 18th day of October 1939, and on the same day copies of it were mailed to both the appellee and appellant herein.

On March 27, 1941, the appellee filed a motion to strike certain parts of the appellant's answer, including paragraphs V and VI containing the res judicata allegations, and the exhibits referred to therein, and the interrogatories attached to the answer. The court, with Judge Scott presiding, on June 18,

1941, sustained the motion as to the matters above noted. The cause came on for trial on December 8, 1941, and on December 10, 1941, the appellee dismissed that part of his action on which he claimed $800 as damages for failure on the part of the appellant to accept and pay for the electrical stock, tools, etc., of the appellee, and at the same time dismissed that part of his action based upon overtime wages earned after November 8, 1937. After these dismissals the only claim for which the appellee asked judgment was a balance of $6.89, owing on August 31, 1937, and the sum of $325.75 for wages earned, and $9.86 for traveling expenses, for the period *commencing on September 1, 1937, and ending on November 8, 1937*. The verdict and judgment was for just this amount—$342.50. We call particular attention to this period of time by italicizing the words.

It will be noted on reference to Code section 1551.25 (F), (1), that an employer, as defined in this legislation, must have had in his employment eight or more individuals for some portion of a day in each of 15 different weeks within either the current or the preceding calendar year. The commission found, as noted above, that Hand was such an employer only during the calendar years 1936 and 1938. There is no showing of proof, or finding that Hand was such an employer during any part of the year 1937, and if he was not such an employer the commission had no jurisdiction to make any adjudication with respect to him or his employees during that year.

Furthermore, as we have already noted, Code section 1551.10 specifies the five essentials to be established by an unemployed individual in order to procure compensation benefits. The last essential noted in the section which the commission must find is that the unemployed individual "has within the first four out of the last five completed calendar quarters immediately preceding the first day of his benefit year, earned wages" in the amount specified by the section. The "benefit year" of a claimant means the 52 consecutive weeks beginning with the day on which the claimant files a valid claim for benefits. The appellee's "benefit year" began on May 29, 1939, for on that date he filed his claim. Appellee was making no claim for un-

employment benefits for any period of time for which he claimed wages in this action. He was claiming such benefits only for the time he was unemployed, commencing in May 1939.

To ascertain whether the appellee had qualified with respect to the fifth essential under section 1551.10, the commission had to count back from May 29, 1939, only for four calendar quarters, which period ended on May 29, 1938. It was not at all necessary for the commission to go back of that period and determine either whether he was employed or by whom he was employed in the year 1937, and particularly from September 1, 1937, to November 8, 1937.

Appellant strenuously insists that since the appellee did not appeal from the commission's decision of October 18, 1939, within the ten-day period provided by statute, Code section 1551.12 (I), he is bound by every finding and part of that decision. There is no merit in this contention. The decision of the "Appeal Tribunal" that Kunkel was entitled to benefits, and fixing their amount, was not disturbed by the decision of the commission of October 18, 1939, on the power company's appeal. That decision made no change in the decision appealed from, except to modify it, by finding that Kunkel had been employed by Hand instead of the power company. Why should Kunkel appeal from that decision? His claim for benefits was allowed and it was immaterial to him, with respect to collecting his benefits, whether the commission found that Hand or the power company had been his employer. He was looking to a special fund in the possession and control of the state of Iowa for the payment of his benefits (Code section 1551.15).

The power company was not interested in defeating the allowance of benefits to the appellee. But after appellee filed his claim for benefits, it was discovered by the commission that neither Hand nor the appellant had ever paid the contributions to the benefit fund which the statute required. Such contributions were recoverable from the employer of the appellee. The power company appealed for the sole purpose of having the decision modified so as to escape that liability itself, and to cast it upon the Hand estate. The appellee had no interest in that appeal, and the finding and decision of the commission

as to which was his employer was not a factor in the establishment of his claim for unemployment compensation.

The finding and decision of the commission of October 18, 1939, was not an adjudication that the appellee was not entitled to recover the amount of wages and expense money which the jury by its verdict found the appellant was owing him. The alleged defense of res judicata was without any valid basis because the commission went further than necessary in its findings and decision, and probably exceeded its jurisdiction, but the appellant also wholly failed to establish any of the elements essential to the defense of res judicata.

We need not, and do not, determine the question whether the doctrine of res judicata extends to findings or decisions of the Iowa Unemployment Compensation Commission, for the reason that if it does, the defense of res judicata, under the record here made, is not available to the appellant. A concise and inclusive statement of the doctrine, which has the support of many decisions of this court, is found in 30 Am. Jur. 908, section 161, to wit:

"Briefly stated, the doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. To adopt the language of the English court is announcing the doctrine in an early case, which has been frequently repeated by the courts, the judgment of a court of concurrent jurisdiction, directly upon the point, is as a plea, a bar, or as evidence, conclusive, between the same parties, upon the same matter, directly in question in another court."

See Whitaker v. Johnson County, 12 Iowa 595; Myers v. County of Johnson, 14 Iowa 47; Wheatley v. City of Fairfield, 221 Iowa 66, 75, 264 N. W. 906; Bowen v. Bowen, 219 Iowa 550, 552, 258 N. W. 882; King City v. Southern Sur. Co., 212 Iowa 1230, 238 N. W. 93; Watson v. Richardson, 110 Iowa 698, 700, 80 N. W. 416, 80 Am. St. Rep. 331.

The doctrine has its basis in the old legal maxim (5 Coke 61) that no one should be twice vexed if it appear to the court that it is for one and the same cause. The term "res judicata" is often applied to two situations which are, in fact, quite different, one being the "effect of a judgment as a bar to a second action upon the same claim, demand, or cause of action," and the other being the effect of a judgment "to preclude the relitigation of particular facts or issues in *another* action between the same parties on a *different* claim or cause of action." (Italics ours.) The first phase of the doctrine is much broader in its application than the second. The conclusiveness of the judgment in the first extends not only to matters actually determined, but to every matter and question within the purview of the first action which there was opportunity to properly present. This rule applies only to cases involving the same cause of action. In the second phase of the doctrine, the judgment in the first action relied upon as an adjudication, in a second action, between the same parties, but on a different claim, demand or cause of action, is an estoppel only as to points, matters, or questions, in controversy, and *actually litigated* and *determined*, in the first action. 30 Am. Jur. 912, 923, 925, sections 166, 179, and 180.

The appellant, as it appears to us from a brief and argument which does not closely follow our rules, is claiming under both phases of the res judicata doctrine. But if the doctrine is of any possible avail to the appellant, it is under the second phase.

The distinction between the two phases was referred to in Citizens State Bank of Panora v. Snyder, 181 Iowa 11, 13, 162 N. W. 6, thus:

"We have held that there is a distinction between an adjudication and an estoppel to relitigate things before litigated. There is an adjudication in strictness when a suit is repeated. But short of that, there may be an estoppel which defeats an action because some fact which is controlling in both actions was litigated and set at rest in the first action."

The following statement of the two phases, as expressed in Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195, has been quoted and approved by this court in Smith Lumber Co. v.

Sisters of Charity, 146 Iowa 454, 458, 125 N. W. 214, 216, and in King City v. Southern Sur. Co., supra, 212 Iowa 1230, 1238, 238 N. W. 93, 97, to wit:

" '* * * there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. * * * But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue *or points controverted,* upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action.' (Writer's Italics.)"

With respect to the action before us and the proceedings before the unemployment compensation commission, there is neither identity of parties nor identity of causes of action. And there must be identity of parties under either phase of the doctrine of res judicata. Kunkel, being entitled to the benefits of the Unemployment Compensation Act, made application to the commission to obtain those benefits. There was no controversy between him and the appellant. It was not a party to the proceedings instituted by him. It was essential that the one who had employed him be an employer, as defined by the act. The "Appeal Tribunal" awarded benefits to him, and he and the appellant, as his employer, were notified of the award. Then, for the first time, the appellant appeared, and appealed solely from the finding that it was the employer. That appeal was a

controversy between the appellant and the commission, as the administrator of the act. As such administrator, it was its duty to require employers under the act to make the required contributions to the benefit fund. Kunkel was not a party to the appeal, and was not interested in its outcome. The record does not show that he was notified of the appeal, and he did not appear. The only interested persons were the commission, the power company, and the Hand estate. The latter did not appear and we have no means of knowing whether it was notified of the appeal. Both the appellant and Hand were employers within the act. Kunkel had no reason to be interested in which one was found to be his employer. He had no reason or right to appeal from the modified decision of October 18, 1939, because the award of benefits to him was not disturbed and he was not aggrieved by the decision.

Matters in which the one against whom res judicata is sought was not interested, or which were not material or issuable in the first action, or were not in controversy therein, or necessary to the decision, even though adjudicated, cannot conclude him in a subsequent proceeding. 30 Am. Jur. 927, section 182. In support thereof, see Goodnow v. Stryker, 62 Iowa 221, 224, 14 N. W. 345, 17 N. W. 506, affirmed (Stryker v. Crane), 123 U. S. 527, 8 S. Ct. 203, 31 L. Ed. 194; Wilson v. Stripe, 4 (G. Greene) Iowa 551, 553, 61 Am. Dec. 138; Ross v. Dowden Mfg. Co., 147 Iowa 180, 183, 123 N. W. 182; Bennett v. First Nat. Bk., 128 Iowa 1, 9, 102 N. W. 129, 5 Ann. Cas. 899; Mahaffa v. Mahaffa, 230 Iowa 679, 298 N. W. 916; Band v. Reinke, 230 Iowa 515, 518, 298 N. W. 865; Matson v. Poncin, 152 Iowa 569, 572, 132 N. W. 970, 38 L. R. A., N. S., 1020; Schwanz v. Farmers Co-Op. Co., 204 Iowa 1273, 1277, 214 N W. 491, 55 A. L. R. 644; State ex rel. Havner v. Associated Packing Co., 216 Iowa 1344, 1358, 249 N. W. 761, 90 A. L. R. 1339; Bristow v. Lange, 221 Iowa 904, 911, 266 N. W. 808.

Before one can be barred or estopped by res judicata, he must have had "full legal opportunity for an investigation and determination" of the matter. McCullough v. Connelly, 137 Iowa 682, 114 N. W. 301, 15 L. R. A., N. S., 823; Tutt v. Smith, 201 Iowa 107, 115, 204 N. W. 294, 48 A. L. R. 394, 400; Mahaffa v. Mahaffa, supra, 230 Iowa 679, 686, 298 N. W. 916.

The matter of who was the employer of the appellee in the fall of 1937 was not a pertinent or material matter with respect to the appellee's application to the commission for unemployment compensation. Neither was it a pertinent or material matter with respect to any issue in the power company's appeal from the decision of the "Appeal Tribunal." The appellee had no opportunity to be heard when the commission determined this fact. Because of this lack of opportunity and of a fair trial, and because the adjudication of who was Kunkel's employer in 1937 was not in issue with respect to his application for benefits, nor material thereto, and because it was not in issue and was not material to the determination of any matter in the power company's appeal, its so-called adjudication did not conclude the appellee in the determination of that fact in the trial of the case at bar.

There is no warrant for saying that the parties were the same, or the causes of action were the same, or that the irrelevant and unnecessary decision of the commission that the appellant herein was the employer of the appellee during any part of the time for which appellee is claiming wages in this action, barred or estopped the appellee from litigating that issue.

The orders, rulings and judgment appealed from are, therefore, affirmed.—Affirmed.

Stiger, Sager, Garfield, Hale, and Oliver, JJ., concur.