IN RE ESTATE OF GEORGE H. RAMSAY and the trust created under and by virtue of court order of January 29, 1939.

No. 47288.

(Reported in 35 N. W. 2d 651)

JANUARY 11, 1949.

H. M. Havner, of Des Moines, for Des Moines Bank & Trust Company and G. B. Jensen, appellants.

Chester J. Eller, of Des Moines, for Stella Miser and for Stella Miser, administratrix of the estate of Margaret Beal, intervenors-appellees.

HALE, J.—This action was brought about by the plaintiffs Des Moines Bank & Trust Company and G. B. Jensen, appellants herein, filing in the probate court of Polk County, Iowa, notice of the assignment to them of certain collateral security consisting, among other collaterals, of three assignments of Robert C. Ramsay, Stella Miser, and Margaret Beal of their one-tenth interest each, being three shares of stock each to be delivered by the Economy Coal Company, Inc., and one-tenth interest

each of their interest in the estate of George H. Ramsay, of which they were heirs. The note to be secured was for $21,450 of the Ramsay-Dooms Coal Company, Inc., and R. C. Ramsay, executed in 1939 and payable to the order of the Des Moines Bank & Trust Company, and later a note of $900 of the same parties.

The estate of George H. Ramsay was then and at the time of trial still pending in the probate court of Polk county. The notice of assignment was afterwards amended and corrected. There was also transferred as security, by chattel mortgage, a large amount of other securities which it is unnecessary to set out. A part of the estate of George H. Ramsay was his interest in the Economy Coal Company, Inc., and his estate was then being held by trustees.

In the notice to the trustees aforesaid, there was a request that the amounts be ordered paid to the Des Moines Bank & Trust Company and G. B. Jensen; that pending hearing the trustees be directed to hold any funds in their hands for distribution until the final order of the court, and for general relief. Following this application and notice Stella Miser, individually and as administratrix of the estate of Margaret Beal, deceased, filed a petition of intervention denying any right of any kind in the Bank and Jensen in and to the respective interests in a certain salary allowance of George H. Ramsay, deceased; an amount which became the property of his estate, and such intervenors alleged that such assignments and alleged conveyance of interests of intervenors had been fully adjudicated in the federal court in the case of Fay B. Ramsay v. Des Moines Bank & Trust Company, Inc., G. B. Jensen, Ramsay-Dooms Coal Company, Inc., B. J. Powers, as trustee for the Ramsay-Dooms Coal Company, Inc., Fay B. Ramsay, executrix of the estate of Robert C. Ramsay, deceased, or R. C. Ramsay, deceased, Ray Collins, Stella Miser and Margaret Beal, defendants in civil action No. 239, district court of the United States for the southern district of Iowa, central division, as per certified copy of such decree filed with the petition of intervention.

In their petition of intervention they alleged further that the subject matter of said assignment was disposed of and

adjudicated in the decree in the federal court; that Jensen and the Des Moines Bank & Trust Company had stated in their answer and pleadings in the federal court case that the one-tenth interest consisted of stock in the Economy Coal Company. Petitioners further claim in their petition of intervention that said Stella Miser personally and as administratrix of the Beal estate are the owners of said two-tenths interest in the judgment fund designated as salary of George H. Ramsay and are entitled to receive the same; said two-tenths interest of said alleged claimants Des Moines Bank & Trust Company and G. B. Jensen having been adjudicated in civil action No. 239 in the federal court to be the common stock of Miser and Beal in the Economy Coal Company, Inc. Petitioners in their petition of intervention ask that the alleged claim of the Bank and Jensen to the two-tenths interest of Miser and the Beal estate be denied and dismissed, and further ask for themselves as such inter-venors that they have an order on said trustees in the above trust to pay the balance of said interests as fast as the same is converted into cash to said Miser, individually, and as administratrix. This claim of the Bank and Jensen and the conflicting claim of Miser for herself and as administratrix constituted the action tried in the district court of Polk county.

The petition of intervention was followed by the answer of the Des Moines Bank & Trust Company and G. B. Jensen, denying that the matter was adjudicated in the federal court in case No. 239. They allege that in the dealings with Margaret Beal, Stella Miser and R. C. Ramsay in the matter of the loan of $900 they represented to the Bank and Jensen that the stock to be issued in the Economy Coal Company was to include the entire one-tenth interest possessed by each of them in the estate of George H. Ramsay, and they allege in their answer that the loan of $900 was made on said representation; that other loans were made upon the representations of Margaret Beal, Stella Miser and R. C. Ramsay, relying upon the representations made by them, and there was never any intention to waive any rights as to the one-tenth interests, and that under and by virtue of said representations, in equity the Bank and Jensen still hold the one-tenth interests aforesaid.

The Bank and Jensen further allege that in the federal action No. 239 the United States District Court found that the one-tenth interests of Stella Miser and Margaret Beal, and the one-tenth interest of Robert C. Ramsay in the estate of George H. Ramsay, deceased, by consent of the owners and the Bank & Trust Company were converted into the stock of the Economy Coal Company, Inc., and that the said Margaret Beal, Stella Miser and Robert C. Ramsay consented to such findings of fact in said judgment and decree. They further say that in equity the one-tenth interest of each of said parties in the estate of George H. Ramsay, deceased, became attached to and was made a part of the shares of stock of the said Margaret Beal, Stella Miser and Robert C. Ramsay in the Economy Coal Company, Inc. In another paragraph much the same allegations of fact are made, that the one-tenth interests in the estate are still pledged, and they further claim that the representations referred to as having been made by Margaret Beal, Stella Miser and R. C. Ramsay were made either maliciously and with the intent of misleading or defrauding the said Bank or as a matter of mutual mistake on their part, and the representations referred to caused the Bank and Jensen to believe that the one-tenth interests of the parties in the George H. Ramsay estate were converted into and formed a part of their stock interest. They ask that the shares in the estate of George H. Ramsay be turned over to them.

A motion to strike the answers was overruled and a reply filed by the intervenors reasserting their claim that all questions were settled in the federal action, and in bar of action they plead that the Bank and Jensen estopped themselves from asserting their conclusion of the federal decree by making application to amend such decree or reopen the case in the federal court, and they further set up in their reply that the Bank and Jensen do not allege that fraud or misrepresentations had anything to do with the entering of the federal decree, and they plead the records in the trusteeship that was pending long prior to the entering of the federal decree and that the Bank and Jensen had constructive notice of the rights of Margaret Beal and Stella Miser, and further state in their reply that the assign-

ment of the respective shares of the intervenors was pleaded as a part of the claim of the Bank and Jensen in the federal court action.

After the filing of the intervenors' reply to the answer of the Des Moines Bank & Trust Company and G. B. Jensen, intervenors filed their motion to hear and determine the points of law, plea in bar or abatement presented in the petition and reply of intervenors in accordance with Rule 105 of the Rules of Civil Procedure providing for the separate adjudication of law points, and hearing was had in the district court under such rule. On such hearing the court entered its judgment and decree awarding the two-tenths interest in the estate of George H. Ramsay to the intervenors, and from this judgment of the district court this appeal of the Bank and Jensen is brought.

On hearing there was introduced in evidence the files and decree of the federal court in cause No. 239, and it is necessary that such proceedings, in substance, be set out so far as may be necessary to the consideration of the question of prior adjudication as claimed in the petition of intervention and as determined by the district court of Polk county.

The federal court proceedings consisted of an action by plaintiff Fay B. Ramsay, wife of Robert C. Ramsay who was one of the signers of the $21,450 note, reciting the indebtedness of the Ramsay-Dooms Coal Company to one J. Rosenbaum & Son, and the additional indebtedness of $900 and mortgage and other security for the obligation of plaintiff's husband; a deposit of the interests of the three heirs in the Economy Coal Company stock; and various other matters not necessary to be considered here. The action was for an injunction against making any application of stock owned by the plaintiff in the Economy Coal Company to the payment of the obligations owed by the Ramsay-Dooms Coal Company and her deceased husband to the Des Moines Bank & Trust Company and G. B. Jensen, and that they be further enjoined from attempting and proceeding to secure the transfer of said stock from the name of this plaintiff to their name or to the names of any persons other than the plaintiff, and asking an injunction against the

Economy Coal Company to prevent the transferring of the stock owned by the plaintiff.

To this petition by Fay Ramsay the Bank and Jensen filed separate answers denying her ownership in the stock of the Economy Coal Company or the ownership of any stock in the Ramsay-Dooms Coal Company; reciting the indebtedness of the latter company to the Bank, the deposits of collateral including the one-tenth interest each of Margaret Beal, Stella Miser and Robert C. Ramsay, setting out the certificates of stock in the Economy Coal Company Nos. 7, 8 and 11, each for three shares; alleging that to satisfy the note from the Ramsay-Dooms Coal Company defendant Bank sold the nine shares of stock in the Economy Coal Company to G. B. Jensen, the application of other collateral to the notes.

Defendant Bank asks judgment for an order of sale of the Ramsay-Dooms Coal Company, and foreclosure of the mortgage to secure the note, and for other equitable relief not especially connected with the matter here in issue. A separate answer of G. B. Jensen contains much the same allegations as the separate answer of the Bank. The defendants included all the parties to the present action and other parties not necessary to the determination of this suit.

Thereafter, on the 16th day of December, 1943, the decree in case No. 239 in federal court was entered. This decree was apparently entered by consent of all parties. It finds that the plaintiff Fay B. Ramsay is not the owner of stock in the Economy Coal Company, Inc.; recites the loan of $21,450 as evidenced by the note, and that among other collateral there was deposited with defendants and cross-petitioners, the Des Moines Bank & Trust Company and G. B. Jensen, assignment of one-tenth interest of Margaret Beal and of Stella Miser, and of Robert C. Ramsay to the estate of George H. Ramsay, deceased, and that *each one-tenth interest was later, by the consent of the owners and of the Des Moines Bank & Trust Company,* converted into capital stock of the Economy Coal Company, Inc., and thereafter known as certificate No. 7 for three shares issued to Margaret Beal, certificate No. 8 for three shares issued to Stella Miser, and certificate No. 11 for three shares issued to Robert

C. Ramsay, and all of said certificates of stock were endorsed by their respective owners to the Des Moines Bank & Trust Company and were from the date of said issuance held by the Des Moines Bank & Trust Company as security for said loans and advances.

The decree further finds and holds the loan of $900 was money loaned to the signers of the note so that certain costs and expenses could be paid to enable them to have issued to them the stock in the Economy Coal Company, Inc., and to convert their several one-tenth interests in the estate of George H. Ramsay, deceased, into the certificates for shares of stock in the Economy Coal Company, Inc., as above set forth; recites the sale by the Des Moines Bank & Trust Company of the nine shares in the Economy Coal Company to Jensen for the sum of $10,800, which amount was applied toward the liquidation of the principal part of $900 on the note, and the balance of $9900 was applied on the principal amount due on the note of $21,450. The decree finds the amount still due on the original note and other matters in relation to the leases of the mine. The decree further recites the loan of $290 to Fay B. Ramsay and her husband R. C. Ramsay; that Jensen is the owner of the nine shares of stock referred to.

Other parts of the decree refer to personal property conveyed by the chattel mortgage, and the decree concludes:

"IT IS FURTHER ORDERED AND DECREED that this court retain jurisdiction of the subject matter hereof and of the parties hereto, for the purpose of making any further order or orders that may be needed to put into full force and effect the findings and judgment of this court with reference to the respective parties hereto."

Following these proceedings and the rendition of the decree, on July 28, 1944, a motion was made in the federal court by the Bank and Jensen to amend the judgment and decree by adding the following:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the 1/10 interest of Margaret Beal, the 1/10 interest of Stella Miser and the 1/10 interest of Robert C. Ramsay or R. C. Ramsay

in and to the estate of George H. Ramsay, deceased, which was assigned to the Des Moines Bank & Trust Company, stood as security for the payment of all the moneys owing by the Ramsay-Dooms Coal Company, Inc., Robert C. Ramsay or R. C. Ramsay, Margaret Beal and Stella Miser, and that the said Des Moines Bank & Trust Company never released or intended to release said interest in said estate for the payment of said debt, and that the equitable interest of Margaret Beal, Stella Miser and Robert C. Ramsay or R. C. Ramsay in the claim of the George H. Ramsay estate against the Economy Coal Company was intended to be sold and was sold by said bank to G. B. Jensen at the time that the sale of the stock occurred, and that the said Margaret Beal, Stella Miser and Robert C. Ramsay or R. C. Ramsay are hereby barred and estopped from having or making any claim to any interest in the estate of George H. Ramsay, deceased, except such as may have been created through a separate and independent contract made and entered into between Margaret Beal and Stella Miser and G. B. Jensen under date of April 27, 1943."

This motion was resisted by Stella Miser and Margaret Beal setting out that each one-tenth interest assigned was later, by consent of the owners and of the Des Moines Bank & Trust Company, converted into capital stock of the Economy Coal Company, and thereupon the separate answer of the Des Moines Bank & Trust Company was filed in the United States District Court, civil action No. 239, reciting the assignments, the consideration therefor, the representation made as to the necessity for the $900 note, and that the parties represented that all the assignments represented was the interest of the assignors in the stock of the Economy Coal Company, and the Bank and Jensen relied upon such representations; were not advised of the fact that said representations were not true until long after the entry of judgment in 1943, and not until the motion for amendment to the judgment was filed on July 28, 1944, and that the parties, now intervenors, concealed the assets of the estate of George H. Ramsay. That is, a claim and judgment against the Economy Coal Company in favor of George H. Ramsay, and that by the misrepresentations and fraud practiced upon

the Bank and Jensen they were led to believe and did believe that the stock issued to R. C. Ramsay, Margaret Beal and Stella Miser in the Economy Coal Company represented the entire interest in the estate of George H. Ramsay, deceased, and that the Bank and Jensen did not know the fact that said statement was not true until the time of the entry of the judgment (in the federal case) or until on or about the 28th of July, 1944, asking sale of the interest in the judgment in which they were part heirs.

Notwithstanding the provision in the original decree in the federal court, that that court retain jurisdiction for the purpose of further orders, no amendment was ever made to the decree in any way setting out the proposed changes made by the motion for amendment to such decree, and such amendment was refused.

The extended statement of the facts is made necessary by the issues of this appeal. The intervenors' claim of prior adjudication required a lengthy examination of what was involved in the proceeding which was pleaded as a bar in order that there may be determined the issues as well as just what was adjudicated by the former decision. As stated, the only question here involved is that of res judicata.

The principles of res judicata are so well known and have been so often decided that there can be little dispute as to the rules governing the application of the doctrine. The basis of such doctrine is the necessity of a finality to the decisions of a court.

"Briefly stated, the doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." 30 Am. Jur., Judgments, section 161.

The general rules as to prior adjudication are so well known that it is unnecessary to repeat them. The general and familiar rule is that:

"(1) The judgment or decree of a court of competent jurisdiction on the merits concludes the parties and privies to the

litigation and constitutes a bar to a new action or suit involving the same cause of action either before the same or any other tribunal * * *. (2) Any right, fact, or matter in issue, and directly adjudicated on, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered on the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether or not the claim or demand, purpose, or subject matter of the two suits is the same." 50 C. J. S., Judgments, section 592.

These general principles which are said to comprehend every question which may be presented upon this subject have been so often quoted and applied by the courts of this and of other jurisdictions that the citations are innumerable. And, in addition thereto, it is often held and has many times been decided that not only every question which has previously been determined by a court of competent jurisdiction bars a subsequent readjudication, but every question which could have been determined under the issues is also a bar. The issues in the present case involved the meaning of the assignments, not only those executed by the plaintiff in the federal case, but by the intervenors herein, and the subsequent settlement, if we may call it that, evidenced by the decree was a determination of such issues. Kunkel v. Eastern Iowa Light & Power Cooperative, 232 Iowa 649, 5 N. W. 2d 899. See also Warnecke v. Foley, 234 Iowa 348, 11 N. W. 2d 457; In re Estate of Huston, 238 Iowa 297, 27 N. W. 2d 26; Martin Brothers Box Co. v. Fritz, 228 Iowa 482, 489, 292 N. W. 143, and cases cited.

We shall endeavor to apply these principles to the facts in the present case. It is the contention of plaintiffs that the issues in the present case are not identical with the issues in the case of Fay B. Ramsay v. Des Moines Bank & Trust Company et al., tried in the district court of the United States, alleging that the claims now being made were not determined in the federal court. Plaintiffs cite, among others, the case of Aultman v. Meyers, 239 Iowa 940, 945, 33 N. W. 2d 400, 403. The holding of that case is that a judgment if rendered by a court of competent jurisdiction on the merits constitutes a com-

plete bar and estoppel to a subsequent action between the same identical parties based upon the same claim or demand or cause of action. The court further says :. "The principles of res judicata are well settled and have often been announced by this court. Before the doctrine is applicable in any case there must be certain recognized identities in the adjudicated case and in the case on trial. It is particularly essential that there be identity in the cause of action, issue, or matter for decision." Quoting Wheatley v. City of Fairfield, 221 Iowa 66, 75, 264 N. W. 906, 911. Also citing King City v. Southern Surety Co., 212 Iowa 1230, 238 N. W. 93; Kunkel v. Eastern Iowa Light & Power Cooperative, supra.

In the Aultman case the issues were not the same in the first as in the second case. Entirely new factors were introduced and the result was that the facts in the second case were entirely dissimilar from the previous adjudication. It was not a case, as in the present case, where the same state of facts exist in the case on trial and in the case pleaded as a bar. In the present case there was no change in the relations of the parties.

It is not claimed and cannot be claimed that the estate of George H. Ramsay or the value thereof has been increased by any act of the intervenors. There is a charge of false representation as to the value of the estate by the intervenors, but the charges are somewhat vague and the record of the estate was open, a matter of public record, and one which, if relied upon, should not have been so relied upon by persons who dealt with property and presumably knew the nature of the estate.

We have set out quite fully the terms of the federal decree so far as they apply to this proceeding. There can be no question that there was identity of parties. Every person having an interest in any way in the action appeared therein and such action as the federal court took would be binding upon all parties. The gist of the question in the present proceedings was the value and extent of the property conveyed by the assignments, a part of which, it is undisputed, were the shares of stock in the Economy Coal Company. They were applied on the $21,450 note, and at this time such application cannot be seriously questioned. But the only question: Did the federal decree,

by its terms, free the liability of the intervenors on their assignments other than transfer of the shares of stock?

It appears by a reading of the decree that the court found that this had been done. It may be possible that neither party to this proceeding was fully acquainted with the value of the estate, other than the shares of stock in the Economy Coal Company which may have been at the time the only available asset of the estate. But at some time (the record does not show when) the estate was augmented by the addition of a claim for services rendered to the Economy Coal Company by George H. Ramsay. So far as the record shows the only asset of importance acquired by the estate of George H. Ramsay after the assignments was a judgment for salary.

It will be recalled that the original action in the federal court was for an injunction by the wife of one of the original signers of the $21,450 note, asking an injunction against the Bank and Jensen to prevent the transfer of the stock in the Economy mine. The intervenors in the present suit were equally interested and were made parties. Afterwards, by consent, the judgment and decree was entered in which the rights of the intervenors in the stock of the Economy mine were adjusted, and, as we read the decree, the rights under the original assignment disposed of. The decree so states that "there was also deposited with said defendant and cross-petitioner an assignment of the 1/10 interest of Margaret Beal, and of the 1/10 interest of Stella Miser and of the 1/10 interest of Robert C. Ramsay in and to the estate of George H. Ramsay, deceased, and that each 1/10 interest was later, by consent of the owners and of the Des Moines Bank & Trust Company, converted into capital stock of the Economy Coal Company, Inc., and thereafter known as certificate No. 7 for 3 shares issued to Margaret Beal, certificate No. 8 for 3 shares issued to Stella Miser, and certificate No. 11 for 3 shares issued to Robert C. Ramsay, and all of said certificates of stock were endorsed by their respective owners to the Des Moines Bank & Trust Company and were from the date of said issuance held by the said Des Moines Bank & Trust Company as security for said loans and advances."

This is the holding of the decree as to the disposition of

the collateral assignments, giving a clear title to the Bank and Jensen of the interests of the three heirs in the Economy Coal mine, and such interest, by the wording of the decree, is in lieu of their interests in the estate of George H. Ramsay, deceased. We think there can be no other interpretation of the decree of the federal court. It would appear that this was a complete disposal of the assignments of the Beal and Miser interests and ended the liability on the notes.

We are confirmed in this opinion by the subsequent action of the federal court on the petition of the Bank and Jensen asking an amendment to the decree on July 28, 1944, claiming that they never intended to release their interests in the George H. Ramsay estate. It is apparent that conditions had changed, that there had been a change in the value of the estate by reason of a judgment in favor of the decedent George H. Ramsay. The refusal of the federal court to make any change is confirmation of the fact that the original decree adjusted all matters between the cross-petitioners and the Bank and Jensen. As we read the decree there is no doubt that the United States District Court so understood the facts. It was not a clarification that was asked by the petition but a reversal of the holding of the original decree. We are satisfied that the action of the United States District Court as shown by its decree and subsequent refusal to modify the decree was a final settlement and termination of the liability of the cross-petitioners on their assignments to the claimants, the Bank and Jensen. Having so adjudicated, it operated as a complete defense in the present proceeding.

A motion to dismiss the appeal filed by the intervenors, appellees herein, was submitted with the case. Having considered the motion in connection with the facts in the case we find no merit therein and such motion to dismiss the appeal is overruled.

We are satisfied that in its finding and opinion the Polk county district court in the present proceeding was right, that its ruling was correct, and that such ruling should be and is affirmed.—Affirmed.

All JUSTICES concur.