### GEORGE F. SMITH v. THOMAS BOYLE.

FILED DECEMBER 17, 1902. No. 12,335.

Commissioner's opinion, Department No. 3.

1. **Tenant: REMOVAL: INGRESS: EGRESS.** A tenant has a reasonable time after the termination of his tenancy to remove his family and personal effects, and is entitled to free ingress and egress for that purpose.

2. ———: PERSONAL PROPERTY: REMOVAL. A tenant does not forfeit his right to personal property belonging to him by neglecting to remove it within a reasonable time after the expiration of his lease.

3. ———: ENTRY: REFUSAL: CONVERSION. A tenant who is denied the right of entry to remove his goods, may treat such refusal as a conversion.

ERROR from the district court for Kearney county. Action in the nature of trover. Tried below before ADAMS, J. Verdict for plaintiff in the sum of $1. Judgment on verdict. Defendant brings error. *Affirmed.*

*Dailey,* for plaintiff in error.

*King, contra.*

DUFFIE, C.

Thomas Boyle, the defendant in error, rented certain premises from one Slater from August 7, 1897, to August 7, 1898. He continued in possession under this lease until August, 1900, when Slater rented the premises to George F. Smith, the plaintiff in error. Fall wheat appears to have been the only crop grown on the rented premises. Boyle cut his last crop some time in July, 1900, and threshed the same about September 20, leaving the straw on the ground. Smith took possession under his lease some time in August or September, and Boyle claims that he converted the straw to his own use. Boyle testified that before renting the land, Smith called on him to know if he wished to keep it another year; Slater, the landlord, having promised Smith to rent it to him if Boyle did not wish to work it longer. He told Smith he did not want it for another year and advised him to commence plowing the land at once. He called attention to his straw stacks on the land, and Smith promised not to interfere with them; "told me that he wouldn't bother my rights at all." Boyle attempted to remove the straw some time during the fall or winter, and did in fact haul away one load, when Smith refused permission to Boyle's men to enter the premises, whereupon this action for conversion was instituted.

In the absence of an agreement to the contrary, the tenant is as much entitled to the straw as to the grain grown upon leased premises. *Craig v. Dale,* 1 Watts & S. [Pa.], 509, 37 Am. Dec., 477. The straw was Boyle's personal property, and after the termination of his lease he had a right to reenter and remove the same within a reasonable time. Gear, Landlord & Tenant, sec. 178.

If the outgoing tenant does not remove his goods within a reasonable time, the law is well settled that the landlord or any subsequent lessee can remove such property, if he exercises such care in so doing as the nature of the property demands, and if he leaves it in such condition that

the owner by reasonable diligence can take it uninjured; and in such case he is not bound to protect it until the owner sees fit to take it away. *United States Mfg. Co. v. Stevens,* 17 N. W. Rep. [Mich.], 934; *Low v. Elwell,** 121 Mass., 309.

What would be a reasonable time within which the defendant should remove his straw, and whether what is reasonable is a question of law or of fact, we need not discuss in this case. When the plaintiff in error agreed with the defendant in error that he would not bother him about the straw, it was, in effect, an agreement that it might remain upon the ground for an indefinite time and until some notice was given that it should be removed. The theory of the plaintiff in error, that a tenant forfeits his property to the landlord by neglecting to remove it within a reasonable time after the expiration of his lease, is wholly untenable and finds no support in the authorities. It is fixtures only which the tenant forfeits or abandons by neglecting to remove them during the term of his lease or while still in possession of the premises. The plaintiff in error does not deny that he hauled away and used three loads of the straw sued for. This is sufficient of itself to support the verdict of the jury, the damages awarded being nominal. We might add that there is eminent authority for holding that where the landlord forbids an outgoing tenant to remove articles of personal property belonging to the tenant, he may treat such conduct as a conversion by the landlord and sue for their value. *Vilas v. Mason,* 25 Wis., 310.

We discover no error in the record and recommend the affirmance of the judgment of the district court.

AMES AND ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

---

* 23 Am. Rep., 272.