**AMERICAN AUTOMOBILE INSURANCE COMPANY, Plaintiff,**

v.

**Floyd DE VRIES; City of Austin, Minnesota, A Municipal Corporation; Board of Water, Electric, Gas & Power Commissioners of Austin, Minnesota, a Public Utility; Jordan Builders, Inc., a Minnesota Corporation; and Edwin W. Lewison and Ronald Thompson, a co-partnership, d/b/a Thompson & Lewison, Defendants.**

**No. 1-59-Civ-337.**

United States District Court
D. Minnesota,
First Division.

July 15, 1960.

384

William J. Nierengarten, Austin, Minn., for plaintiff.

G. E. Kelley, Austin, Minn., for defendant Jordan Builders, Inc.

Donald M. Jardine, St. Paul, Minn., for defendants Thompson & Lewison.

G. P. Mahoney, Minneapolis, Minn., for defendant City of Austin.

Elmer R. Peterson, Albert Lea, Minn., for defendant Board of Water, Electric, Gas & Power Commissioners.

DEVITT, Chief Judge.

Plaintiff is a Missouri corporation suing the Minnesota defendants for a declaratory judgment under 28 U.S.C. § 2201 (1952) in a matter alleged to involve more than $10,000. Plaintiff had issued a comprehensive liability insurance policy to Jordan Builders, Inc. and now seeks to establish that the policy does not cover a house explosion accident which resulted in a State Court verdict in favor of the house owner, Floyd DeVries, against the defendants, Jordan Builders, Inc., the City of Austin, and the Austin Board of Gas, Water, Electric & Power Commissioners, but not against the defendant Thompson & Lewison. Jordan Builders counterclaims for a determination of coverage under the policy and claims additional damages for refusal to admit liability.

For decision now is a motion by the plaintiff, American Automobile Insurance Co., to strike certain defenses in the answer of the defendant Jordan Builders on the ground that certain facts have been finally determined between the parties by the State Court verdict.

The policy of liability insurance, under exclusions (n) and (o) apparently excludes coverage for liability arising from excavation work done by the insured, but does not exclude liability arising from excavation work done by a subcontractor of the insured. The insured, Jordan Builders, Inc., had a contract with the City of Austin and the Board of Commissioners to install curb and gutter in the City of Austin. Jordan Builders, Inc., subcontracted the excavation work to Thompson & Lewison, a partnership. In the course of street excavating, a back hoe shovel, being operated by Albert Sauer, an employee of the subcontractor Thompson & Lewison, struck a natural gas service pipe, and caused an explosion in the home of Floyd DeVries. In the State Court action, Floyd DeVries recovered a verdict of $21,000 on the basis of special findings of the jury that the City of Austin, the Board of Utilities, and Jordan Builders, Inc., were negligent, that Lewison & Thompson and its

employee, Albert Sauer, were not negligent, and that Sauer at the time was the loaned servant of Jordan Builders, Inc.

The plaintiff says that Jordan Builders is estopped by this verdict to assert the defenses contained in paragraphs 4(e) and 6 of its answer:

"4(e). The finding of the State Court action that Albert Sauer, employee of Thompson-Lewison, was the loaned servant of this answering defendant is not binding upon this answering defendant in this action.

\* \* \* \* \* \*

"6. Alleges further that there was coverage because Thompson-Lewison and their employee, Albert Sauer, was a[n in]dependant contractor and that therefore exclusions N and O do not apply. The only excavating being done was by Thompson-Lewison through their employee Albert Sauer. Since said Albert Sauer was found not negligent in the State Court action, excavation must not have been the cause of the accident injuring the property of said Floyd DeVries and therefore exclusions N and O do not apply."

The State Court action against Jordan Builders, Inc., was defended by the plaintiff's lawyer. After the verdict, the plaintiff abandoned the defense of the action, and Jordan Builders appealed the case through its own lawyer. The appeal is still pending before the Supreme Court of Minnesota.

There is major dispute between the parties as to the agreement under which the plaintiff took the defense of the action in the trial court. Plaintiff says it had a reservation of rights to contest coverage after trial, while defendant claims plaintiff agreed to grant coverage by conducting the defense. However, it is unnecessary to go into that question in order to determine whether the defendant is estopped by the State Court verdict.

The law is clear that parties to a judgment are not bound by it in a subsequent controversy between each other unless they were adversary parties in the original action. Bunge v. Yager, 1952, 236 Minn. 245, 52 N.W.2d 446. Since the plaintiff American Automobile Insurance Company and the defendant Jordan Builders were not adversary parties in the State Court action, Jordan Builders is not estopped to assert in this action that Albert Sauer was not its loaned servant. It is irrelevant that insurers and insureds are found to be in privity for purposes of relying on collateral estoppel or res judicata in suits by third parties against the insurer, Stucker v. County of Muscatine, 1958, 249 Iowa 485, 87 N.W.2d 452, or in suits by the insured against third parties. McCourt v. Algiers, 1958, 4 Wis.2d 607, 91 N.W.2d 194.

The motion is denied.