Lee SMITH, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18428.**

United States Court of Appeals
Eighth Circuit.

Nov. 28, 1966.

Lee E. Smith, pro se.

Charles W. Ehrhardt, Asst. U. S. Atty., for appellee, Donald E. O'Brien, U. S. Atty., on the brief.

Before VOGEL, Chief Judge, GIBSON, Circuit Judge, and REGISTER, District Judge.

REGISTER, District Judge.

Lee Smith, defendant-appellant, brings this appeal from an order of the district court, Honorable William C. Hanson, Judge, granting summary judgment in favor of the plaintiff-appellee. We affirm.

Action was brought by plaintiff against defendant Lee Smith and his wife Anna Marie Smith to recover on a producer's note in the principal sum of $5,830.72 executed by the defendant and his wife on November 2, 1961, payable to the Commodity Credit Corporation, and secured by a chattel mortgage covering 2,603 bushels of farm-stored soybeans owned by the defendant and his wife. The note and mortgage were duly delivered. This loan was subsequently extended to mature on May 31, 1963. Thereafter defendant and his wife refused to repay the loan or deliver the soybeans when requested by Commodity Credit Corporation. In their answer defendant and his wife, pro se, admitted the execution of the note and mortgage, and the securing of the loan, but pleaded as defenses certain issues then being litigated in the federal district court in case number 1201. Later, plaintiff filed an amendment to its original complaint, based upon non-payment of a promissory note executed by defendant and his wife on November 19, 1962, in the principal sum of $4,298.97 and payable to Commodity Credit Corporation. This note

was also secured by a chattel mortgage, covering 1,963 bushels of farm-stored soybeans. To this amendment defendant Lee Smith, pro se, filed an answer admitting that the loan had been made and that the pertinent documents were true and genuine, but again alleged certain facts claimed by him to be a complete defense to the amendment. No answer to the amendment was filed by Anna Marie Smith, defendant's wife.

On July 21, 1965, the parties stipulated that the subject soybeans be sold and the proceeds realized be delivered to the clerk of the district court in the form of a check payable jointly to Lee Smith and the United States of America, to be held until judgment and decree had been entered.

May 12, 1966, plaintiff filed a motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, asking for judgment in its favor and against the defendant and his wife in the sum of $11,573.10, and for an order directing delivery of the check then held by the clerk in partial satisfaction of such judgment. The motion was based upon the pleadings on file; an affidavit of Wayne E. Lund, the county Office Manager of the Agricultural Stabilization and Conservation Service, United States Department of Agriculture, reflecting the granting of the two loans and subsequent non-payment; the stipulation relating to the sale of subject beans and deposit of proceeds with the clerk; and "The judgment entered in the files of this court in the case of United States v. Merchants Mutual Bonding Company, et al., Civil Action No. 1201, Western Division." After the filing by defendant of his response to plaintiff's motion and hearing oral argument, Judge Hanson granted said motion " * * * for the reason that during oral argument in open court the defendant admitted the truth of all the allegations of the plaintiff's amended Complaint and did not contest the affidavit filed with plaintiff's brief, and for the further reason that all of the defendants' affirmative defenses and claims against the plaintiff were previously presented by him to this Court in the case of United States v. Merchants Mutual Bonding Co., et al., Civil No. 1201, Western, and therein decided and adjudicated against him, and cannot again so be raised in this case." This appeal followed.

We note that defendant's wife, Anna Marie Smith, also a defendant named in this action, did not respond to plaintiff's motion for summary judgment, and did not contest it in any manner. No appeal by her was taken from the district court's order or judgment. The only issue before us, therefore, is the correctness of the trial court's granting plaintiff's motion for summary judgment against defendant-appellant, Lee Smith.

In order to fully understand the issue before us, it is necessary to consider the prior case referred to as Civil Action No. 1201. Briefly stated, that was an action brought by the United States on a claim of the Commodity Credit Corporation for grain storage losses, to recover damages against the surety (Merchants Mutual Bonding Company) upon the warehouseman's bond furnished pursuant to Iowa law. Since the warehouseman had been declared bankrupt and there were other storage claimants and the losses exceeded the amount of the bond, all of the claimants, including Lee Smith, were interpleaded as defendants in No. 1201. An accurate and comprehensive recitation of all the facts involved in No. 1201 appears in the trial court's opinion reported at 220 F.Supp. 163, and need not be restated here. The trial court in that case determined the questions of liability of the surety to the United States and of the liability of the indemnitor to the surety on its co-indemnity agreement, but specifically ordered " * * * that all other matters relating to priority of claims and amounts and issues raised in the pleadings not herein disposed of shall be disposed of by subsequent proceedings and in accordance with the judgment herein rendered." The appeals taken from that judgment by Lee Smith, and others, were dismissed by this Court for want of jurisdiction because the order

sought to be appealed from was not an appealable order or "final decision" under 28 U.S.C.A. § 1291. Smith v. United States, 8 Cir., 332 F.2d 731.

The " * * * matters relating to priority of claims and amounts and issues raised in the pleadings * * * " and not disposed of by the judgment above referred to were subsequently tried and adjudicated by the trial court, and reported at 242 F.Supp. 465. The contentions of the parties, legal and factual issues, references to the critical evidence received and considered and the ultimate findings and conclusions of the trial court are therein fully stated.

In its order granting plaintiff's motion for summary judgment in the case now under consideration, the trial court stated that all of the affirmative defenses and claims against the plaintiff raised by Lee Smith had been previously presented in No. 1201 and therein fully decided and adjudicated. We agree. A careful examination of the pleadings on file herein, and of the record in No. 1201, leads to no other conclusion. It appears that appellant, in fact, recognizes this to be true, for in their answer to the original complaint, defendants (Lee Smith and his wife) assert: "We deny that case 63-C-3033-W (the case now under consideration) is a new case; and insist that it is material directly associated with case 1201."; "We admit we were sued by the United States Government under Case 1201 and that the part of Case 1201 that pertains to us is still unruled upon and that Case 1201 is an open case requiring further settlement to clarify the positions of both the plaintiff and defendant of Case 63-C-3033-W."; "We object to any consideration of the court to rule upon Case 63-C-3033-W until all matters of Case 1201 are disposed of."; and "After the settlement of Case 1201, Case 63-C-3033-W will automatically take care of itself."

In his answer to the amended complaint, appellant, in addition to challenging the correctness of the trial court's interpretation of the applicable Iowa statute in No. 1201, alleges as affirmative defenses issues which were specifically raised, litigated and finally determined by that court in said case. In substance, these issues were four in number and all related to the validity, priority and amounts of claims. They included appellant's contention that the claim of Benson-Quinn Company was invalid; that he (Smith) was entitled to an allowance for costs against the United States; that by reason of negligence on the part of the United States it should be denied any recovery on the warehouseman's bond; and for a specific price as that applicable to the converted property.

With reference to the validity of the claim of Benson-Quinn Company (one of the interpleaded claimant-defendants) the trial court stated:

"The United States and Lee Smith have failed in every manner and in every material respect to prove that the Benson-Quinn claim is not valid under any rule of law that either party has contended for in this cause. Accordingly, the court finds that the Benson-Quinn claim has been proven to be valid in the amount of $17,262.76." 242 F.Supp., at page 468.

Appellant Smith strongly urged the validity and propriety of his claim for substantial costs against the United States allegedly necessarily incurred by him by reason of the litigation. With reference to this point the court concluded that "the impleaded parties are not entitled to costs * * * ", and, following supported reasoning, "Therefore, the claim of Lee Smith for costs against the United States must be denied." 242 F.Supp. at page 468.

One of the grounds asserted by Smith for denying recovery on the warehouseman's bond to both the United States and Benson-Quinn was that both of those parties had been negligent in certain particulars. Referring to this assertion, the court stated:

"Lee Smith contends that both the Government and Benson-Quinn were negligent. Even if this be true, there is no reason to deny their recovery on

the bond. However, the Court finds that there is insufficient evidence to show all the elements of negligence." 242 F.Supp. at page 469.

After discussing the price applicable to converted property in a situation of the type then confronting him, Judge Hanson stated: " * * * the price Lee Smith contends for would not apply because that price did not prevail in this area until after the time his claim was filed." 242 F.Supp. at pages 468–469.

Rule 56(c), Federal Rules of Civil Procedure, provides in part as follows:

"(c) Motion and Proceedings Thereon. * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * * "

All of the material facts alleged in the complaint, as amended, are admitted by appellant Smith, and the correctness of the affidavit filed in support of the motion is not disputed. His denial of liability rests solely upon the affirmative defenses pleaded in the answers. We must consider, therefore, whether such defenses are barred by the doctrine of res judicata—that is, whether the appellant is precluded from asserting such defenses by reason of that doctrine.

■ The issue of res judicata may properly be raised by motion for summary judgment.

"A plaintiff may * * * move for summary judgment on the ground that his claim has been decided in his favor in another action and the prior determination is res judicata." Vol. 3, Barron & Holtzoff, Federal Practice and Procedure, Section 1246.

This Court previously enunciated the general rule in the case of Billings Utility Co. v. Advisory Committee, Board of Governors et al., 8 Cir., 135 F.2d 108, 110. Also see: Sopp v. Gehrlein, D.C.Pa. 1964, 236 F.Supp. 823, and Miller v. Shell Oil Co., 10 Cir., 345 F.2d 891.

The doctrine of res judicata has been stated by the Supreme Court to be as follows:

"The general principle announced in numerous cases is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified." Southern Pacific Railroad Company v. United States, 168 U.S. 1, 48–49, 18 S.Ct. 18, 27, 42 L.Ed. 355.

For further amplification and discussion of this general principle, see 50 C.J.S. Judgments § 686; Restatement of the Law, Judgments, Section 68; 30A Am. Jur., Judgments, Sections 324–478; United States v. Gramer, 9 Cir., 191 F.2d 741, 743–744; and In re Ramsay's Estate, 1949, 240 Iowa 50, 35 N.W.2d 651, 656.

■ The original parties in civil action No. 1201 were the United States of America, plaintiff, and Merchants Bonding Company, defendant. The defendant filed a counterclaim in which it alleged that there were a number of other claims pending against the same bond which plaintiff was claiming against, and alleged that the total of those claims exceeded the principal sum of the bond. The district court thereupon ordered the parties named in the counterclaim (including Lee Smith, the appellant here) joined as defendants. In all subsequent proceedings, including the trial of the action, it is apparent that Lee Smith and the plaintiff (United States of America) were in fact adversaries, each claiming

a portion of the same monies, and Lee Smith contesting the right of the plaintiff to share therein. The fact that appellant was not one of the *original* parties is of no consequence. By the judgment entered in No. 1201, from which no appeal was taken, the rights and liabilities of the adversary parties became finalized.

In Ocean Accident & Guarantee Corporation, Limited, v. United States Fidelity & Guaranty Co., 63 Ariz. 352, 162 P.2d 609, at page 613, the Supreme Court of Arizona, relying upon a pronouncement of the Supreme Court of the United States in Chicago, Rock Island & Pacific Railway Company v. Schendel, Administrator, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757, concluded that " * * the test whether a judgment is res judicata is to be determined not by the position of the parties in the case but by reference to their relations to the other parties and their interests involved in the case, * * * "

"Parties to a judgment are not bound by it, in a subsequent controversy between each other, unless they were adversary parties in the original action. There must have been an issue or controversy between them. * * * " 1 Freeman, Judgments (5th Ed.), Section 422.

Also see: Sealol Corporation v. Flexibox Limited et al., D.C.D.C., 242 F.Supp. 693, and American Automobile Insurance Company v. De Vries et al., D.C.Minn., 185 F.Supp. 383.

It clearly appears that the United States of America and appellant were adversary parties in No. 1201 and in the instant action; the trials in both cases were before the same court. It is conceded by both parties that the trial court was, in both cases, a court of competent jurisdiction, having jurisdiction of both the parties and the subject matter. 30A Am.Jur., Judgments, Sec. 357.

■ It is established that certain essentials must appear in order that the doctrine here under discussion may be applied.

"Among the requirements courts have set out in order that collateral estoppel may apply are the following. The issue to be concluded must be the same as that involved in the prior action. In the prior action, the issue must have been raised and litigated, and actually adjudged. The issue must have been material and relevant to the disposition of the prior action. The determination made of the issue in the prior action must have been necessary and essential to the resulting judgment." Moore's Federal Practice and Procedure, Vol. 1B, Sec. 0.443, p. 3901.

Analysis of the affirmative defenses pleaded in this case clearly reveals that all of the requirements stated by Professor Moore are met—the issues raised are the same as those involved in No. 1201, were therein litigated, were in fact judicially determined, and the judgment therein entered was dependent upon a complete determination of those issues. It is our view that the term "collateral estoppel" as used by Professor Moore is synonymous with "res judicata", and is that facet thereof sometimes referred to as "res judicata/issue preclusion". Towle et al., v. Boeing Airplane Company, 8 Cir., 364 F.2d 590, 592. We therefore hold that all of those issues are concluded under the doctrine of collateral estoppel.

■■ It appears that appellant sincerely believes that he did not receive justice in No. 1201 and, in effect, now seeks a review of the record in that action. In his brief appellant asserts that he " * * * is aware that court will hold that appellant should have appealed Case 1201, but Appellant Smith was misinformed as to the dates he was given to file and he was one day too late. * * * "; that "Appellant requests that the Court dispense with the normal rules and procedures of appeals."; and " * * * requests that the court appoint an executive for the court who will review these two cases and determine the

contents of each." Because of his earnest belief that the trial court's rulings in No. 1201 as to the law and its findings as to facts were erroneous, it is regrettable that appellant was not represented by counsel, professionally qualified and knowledgeable of the rules, who could have properly exercised appellant's rights on appeal. However, he chose to proceed pro se and he is bound, as are all litigants and counsel as well as this court, by the appropriate law and rules of procedure. The Supreme Court, in Southern Pacific Railroad Company v. United States, supra, 168 U.S. at page 49, 18 S.Ct. at page 27, after discussing the general principle of res judicata, stated the reason therefor in the following language:

"This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for, the aid of judicial tribunals would not be invoked for the vindication of rights of person and property, if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue and actually determined by them."

Compliance with the Federal Rules of Civil Procedure in all actions embraced within the scope thereof is required and is essential to the orderly administration of justice.

All factual and legal issues determined by the district court in No. 1201 are finally adjudicated and cannot now be reviewed or considered by us. There is but one case before this court and the narrow issue for our determination is whether the trial court properly granted plaintiff's motion for summary judgment. For reasons heretofore stated we hold that the determination of that court is correct.

Affirmed.