Arlo W. TURNER, Plaintiff,

v.

Michael P. MAHAR, Defendant,

The Wolpin Company, a Michigan corporation, Defendant, Cross-Plaintiff and Appellee,

Marvin Belt Company, a foreign corporation, and Marvin Belt, Defendants, Cross-Defendants and Appellants.

No. 19727.

United States Court of Appeals, Sixth Circuit.

March 25, 1970.

Mansfield, Sulzbach & Jones, Detroit, Mich., George A. Jones, Detroit, Mich., of counsel, for appellants.

Harold M. Shapero, Detroit, Mich., for appellee.

Before WEICK, EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

On consideration of the files and records in this case (including the opinion and judgment in the antecedent case concerning the same parties, the same accident, and the same issue, *see* Herschelroth v. Mahar, 36 Wis.2d 140, 153 N.W.2d 6 (1967)) we find no dispute of fact which requires remand for evidentiary hearing.

Further, we believe the entry of summary judgment in favor of defendant-appellee Wolpin and against defendant-appellant Belt was entirely appropriate. Fed.R.Civ.P. 56(c).

Under the stipulation filed in the instant case, we believe the sole issue presented to the District Court was whether or not an indemnity provision was in effect between appellant Belt (lessor of the truck) and appellee Wolpin (lessee) as of the date of the accident. This exact issue had been submitted to and decided by the Wisconsin Circuit and Supreme Courts in Herschelroth v. Mahar, *supra,* in favor of appellee Wolpin.

We believe the doctrine which precludes appellant Belt from relitigating the indemnity issue as a matter of right in the District Court is the doctrine of collateral estoppel. Smith v. United States, 369 F.2d 49 (8th Cir. 1966), cert. denied, 386 U.S. 1010, 87 S.Ct. 1355, 18 L.Ed.2d 439 (1967).

Concerning this doctrine, Moore's Federal Practice says:

"Thus it is clear that when a cause of action between the co-parties was adjudicated between them, there is no lack of adversity between the co-part-ties, and the judgment has res judicata and collateral estoppel force in subsequent litigation between them. It is equally clear that when no cause of action between the co-parties was before the court and was neither litigated between them nor adjudicated by the judgment, the judgment is not res judicata of any claim between the co-parties. *But in the latter situation the judgment might necessarily decide an issue that becomes material in later litigation between the co-parties. The question then arises whether the judgment, although it is not res judicata of any cause of action between the co-parties, should be conclusive of any issue between them under the doctrine of collateral estoppel.* There is agreement that the judgment does not operate as collateral estoppel between the co-parties unless they were 'adversaries':

" ' * * * the general rule is clear. The proscription against relitigation of an identical issue by a party to the prior litigation concludes the rights *inter se* only of those parties who were adversaries in the prior action.'[2] ([2] Kimmel v. Yankee Lines (C.A.3d, 1955) 224 F.2d 644, 647 * * *)"

1B J. Moore, Federal Practice ¶ 0.411, at 1282 (2d ed. 1965). (Emphasis added.)

*See also* Restatement of Judgments §§ 68, 69, 70 (1942).

Clearly, Wolpin and Belt were adversary parties in the Wisconsin case, since Wolpin cross-complained and received judgment against Belt on the identical issue involved here.

The judgment of the District Court is affirmed.