MICHAEL J. HOGAN AND
MIKE HOGAN REALTY COMPANY, INC., APPELLEE, V.
BILL N. PELTON, THIRD-PARTY PLAINTIFF, APPELLANT, V.
SUN OIL COMPANY OF PENNSYLVANIA,
THIRD-PARTY DEFENDANT, APPELLEE.

315 N.W.2d 644

Filed February 5, 1982.   No. 44166.

John DiMari of Respeliers & DiMari and John A. Rickerson of Rickerson & Welch.

Warren S. Zweiback and Robert M. Soshnik of Zweiback, Kasher, Flaherty & DeWitt, P.C., for appellee Hogan.

No appearance for appellee Sun Oil Co.

Submitted without oral argument. KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

PER CURIAM.

This is an action originating in the District Court for Sarpy County for a declaratory judgment to determine the rights of the parties under a "Station Site Lease." The plaintiff (hereinafter referred to as Hogan) is the owner of the fee title to the land on which the automobile service station is erected. The third-party defendant, Sun Oil Company of Pennsylvania, is the original lessee. The defendant Pelton is Sun's assignee. The issue in this case is whether a judgment in a forcible entry and detainer action in the county court of Sarpy County wherein Pelton was plaintiff and Hogan was defendant is, under the doctrine of res judicata, determinative of the issues in the declaratory judgment action.

Hogan, after issues were joined in the declaratory judgment action, filed a motion for summary judgment and in support thereof introduced the file, trial record, and judgment from the county court action. The District Court granted the motion for summary judgment and Pelton appeals to this court. We reverse and remand for trial.

A summary of the underlying facts, concerning which there is no great dispute, and the related proceedings is necessary for an understanding of the question presented.

Hogan, in October 1967, leased to Sunray DX Oil Company (Sun's predecessor in title) the real estate in question for a term of 15 years with an option to renew for three successive terms of 5 years each. Sun erected a station on the site. Pelton leased the premises from Sun and operated it for a period of years. In 1979 Sun assigned the site lease to Pelton, and there is an indication in the record that Sun sold the improvements thereon to Pelton. In September 1979 Pelton quit selling gasoline at the station because of difficulty in getting fuel allocations, but continued to pay the cash rent to Hogan. In January 1980 Hogan served on Pelton notice to quit, and Hogan thereafter took possession

of the premises, changed the locks on the station doors, and placed machinery on the premises. Pelton testified that the February 1980 rent was refused. Pelton then, on February 25, 1980, brought in the county court the forcible entry and detainer action to recover possession. The next day Hogan filed the action for a declaratory judgment in the District Court. At this point apparently both parties were proceeding unaware of what the other had done. Hogan's answer in the forcible entry and detainer action raised essentially the same issues raised in the declaratory judgment action, namely, whether the failure to keep the station open and the assignment of the lease to Pelton effected a termination of the lease. Hogan, in the declaratory judgment action, prayed for a construction of the lease, termination of the lease, damages, and restitution of the premises.

On March 13, 1980, in the forcible entry and detainer action, the defendant therein, Hogan, received judgment for possession of the premises. Because he was already in possession by means of self-help, no writ of assistance issued. Hogan's cross-claim for damages was also dismissed by the county court because Sun, not joined in the action, was a necessary party. Pelton attempted an appeal to the District Court, but failed to perfect the jurisdictional requirements, and the appeal was dismissed by the District Court.

Thereafter Hogan, plaintiff in the action for a declaratory judgment, moved for summary judgment on the ground there was no material issue of fact, and he was entitled to judgment as a matter of law. In support of the motion Hogan offered the evidence described in the second paragraph of this opinion, as well as the deposition of both parties. The trial court granted the motion for summary judgment. Pelton then filed this appeal.

In this court Hogan defends the order granting summary judgment on two grounds: (1) The judgment in the forcible entry and detainer action is res judicata of the action in the declaratory judgment proceeding. (2) He

argues that the evidence is undisputed that Pelton and Sun breached certain covenants of the lease, namely, failing to pay rent, assigning the lease to Pelton contrary to the provisions of the lease, failing to operate the premises for the purposes leased, and as such he was damaged by said breaches and is entitled to a judgment terminating the lease and awarding him possession.

For purposes of examining the claim of res judicata, we will assume, because neither of the parties has made any contention to the contrary, that the issue of res judicata may be raised on motion for summary judgment without the issue having been pleaded. In order for the defense of res judicata to prevail, it normally must be pleaded or appear upon the face of the petition. *Tedco Development Corp. v. Overland Hills, Inc.*, 205 Neb. 194, 287 N.W.2d 49 (1980). However, under the federal rule pertaining to summary judgment, which is identical to our statute, the issue may be properly raised by motion for summary judgment. See, for example, *Smith v. United States*, 369 F.2d 49 (8th Cir. 1966). However, in the federal case the issue of the necessity of pleading is, as might be expected, not raised or discussed.

Examining the history of the special action of forcible entry and detainer, our statutes and cases lead to the conclusion that such an action decides very little as far as the doctrine of res judicata is concerned. Neb. Rev. Stat. § 24-568 (Reissue 1979) gives the county and municipal courts jurisdiction "over complaints of unlawful and forcible entry into lands and tenements and the detention of the same, and of complaints against those who, having a lawful and peaceable entry into lands or tenements, unlawfully and by force hold the same." It further provides: "If the court finds that an unlawful and forcible entry has been made, and that the same lands or tenements are held by force, or that the same, after a lawful entry, are held unlawfully, the court shall cause the party complaining to have restitution thereof. The court, or the jury as the situa-

tion warrants, shall inquire into the matters between the two litigants such as the amount of rent owing the plaintiff and the amount of damage caused by the defendant to the premises while they were occupied by him, and render a judgment or verdict accordingly." Neb. Rev. Stat. § 24-569 (Reissue 1979) extends the action to tenants holding over their terms when they have neglected to pay rent and makes the action available as a means to possession following certain judicial proceedings.

The scope is, however, limited as is indicated by Neb. Rev. Stat. § 24-570 (Reissue 1979), which says: "Judgments obtained in county court under sections 24-568 to 24-584 shall not be a bar to any future action brought by either party." Old cases shed light upon the meaning of this section. As a general rule, forcible entry and detainer does not try the question of title, but only the immediate right of possession. It is res judicata only as to the immediate right. This is illustrated by the case of *Dale v. Doddridge*, 9 Neb. 138, 1 N.W. 999 (1879). In that case this court construed § 24-570 (then Gen. Stat. § 1021 (1873)) and held that an action of forcible entry and detainer is res judicata so as to prevent repetitive actions for possession but does not try title. An action for forcible entry and detainer is merely possessory, and the question of title to real estate cannot be either tried or determined in the case. *Jones v. Schmidt*, 163 Neb. 508, 80 N.W.2d 289 (1957). An equitable title to real estate and possession thereof may be shown as a defense in an action for forcible entry and detainer. A county court has no jurisdiction to try such title. *Jones v. Schmidt, supra.*

In this case the evidence in the county court indicated Hogan was the record fee title owner, and Pelton, before the self-help action by Hogan, was in possession of the premises and improvements made upon the real estate by virtue of an assignment of the site lease by the original lessee, Sun. The lease was for a term of 15 years with an option to renew for three successive 5-year

terms. The lease also contained an option to purchase the real estate during the term of the lease or any extension thereof upon the same terms "as any bona fide offer for said premises received by lessor." An interest such as is above described is an interest in real estate. Neb. Rev. Stat. § 76-201 (Reissue 1976) provides: "The term real estate, as used in sections 76-201 to 76-281, shall be construed as coextensive in meaning with lands, tenements and hereditaments, and as embracing all chattels real, except leases for a term not exceeding one year." The evidence in the county court showed the rent called for by the lease had been paid through the month of January 1980 and was tendered by Pelton to Hogan for the month of February 1980 but had been refused by the latter.

The county court refused to restore the premises to Pelton, reasoning that he could not recover under "a purported" assignment of the lease. No further specification was stated in the order. The assignment from Sun to Pelton occurred on December 21, 1979.

The county court had no jurisdiction to determine the interests of the parties to the real estate in question. Judgment in the forcible entry and detainer action was not res judicata of the issues raised in the declaratory judgment action by Hogan.

Hogan asserts that irrespective of the res judicata issue he was entitled to judgment as a matter of law. This contention rests upon the position that he was entitled to termination of the lease because of claimed violations of certain provisions of the lease. We have mentioned the issue of failure to pay rent. The evidence indicates the rent was paid through January 1980 and tendered for February 1980 but refused by Hogan. The inference arises that Hogan refused the rent because, as he claims, the lease and all rights thereunder were forfeited by breach of the covenants of the lease. Whether a tender of rent for March should have been made is a factual question. The law does not require a useless formality. A formal tender is not necessary

where a party has shown by act or word that it would not be accepted if made. *Canaday v. Krueger*, 156 Neb. 287, 56 N.W.2d 123 (1952).

Hogan contends the lease was forfeited because Pelton breached the terms of the agreement when he did not keep the station open after September 1979 and because the assignment by Sun also breached the terms of the lease. He further contends the operation of the station was a term or condition of the lease required for the benefit of Hogan's other operations on the adjacent premises, to wit, operation of a shopping center, and as such this alleged failure to remain operational forfeited the lease.

"[I]n the absence of a statute to the contrary a tenancy cannot be terminated for the breach of a covenant, condition, or collateral agreement by the lessee unless there is an express and distinct provision in the lease for a forfeiture or right of reentry on the occurrence of the breach. Forfeitures of estates under leases are not favored in law and the right to forfeit must be clearly stipulated. If a forfeiture has not been stipulated for, a covenant or condition which is merely implied, or an express one not clearly within the forfeiture clause, will not sustain a claim of forfeiture for breach." *Olson v. Pedersen*, 194 Neb. 159, 165, 231 N.W.2d 310, 314 (1975). In the event of the breach of a covenant of a lease which does not expressly provide for termination, the lessor's remedy is ordinarily for damages only. *Olson v. Pedersen, supra.*

An examination of the lease indicates it contains nothing providing for termination upon any breach of the lease except for the failure to pay rent. Furthermore, while the lease recites its purposes, it contains no express covenant requiring the lessee to operate the service station; it permits the conduct of any other lawful business; and it expressly permits the right to sublease as well as underletting. It contains no provision against assignment. It expressly provides: "This lease and any renewal or extension thereof shall be binding

 

upon and shall inure to the benefit of the parties hereto and to their respective heirs, successors or assigns."

There are disputed questions of both fact and law not determined by the trial court. Summary judgment should not have been granted. The judgment is reversed and the cause remanded to the District Court for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.