Donald TOWNE, Plaintiff and Appellant,

v.

Neil SAUTTER, Defendant and Appellee.

Civ. No. 10097.

Supreme Court of North Dakota.

Nov. 24, 1982.

4. See *Tibbs v. Florida,* —— U.S. ——, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); *State v. McMor-* row, 286 N.W.2d 284 (N.D.1979).

Fintan L. Dooley, Bismarck, for plaintiff and appellant.

Donavin L. Grenz, Linton, for defendant and appellee.

PEDERSON, Justice.

This is an appeal from a judgment entered by the district court of Emmons County ordering Donald Towne to either remove his personal property from farmland owned by Neil Sautter or forfeit his ownership rights in the property, and awarding Sautter damages for waste. We affirm the award of damages for waste and reverse the trial court's order of forfeiture.

Towne and his family moved on a farmstead owned by Sautter in the fall of 1974. They lived there rent-free until that spring, when Towne and Sautter entered into a verbal crop-share agreement. While living on the farm, Towne moved several dilapidated buildings, junked cars, metal scrap and salvage, old lumber, and other debris onto the property. In November of 1977 Sautter gave Towne written notice to vacate the premises pursuant to § 47–16–15, NDCC, and asked Towne to remove his personal property. Towne did not leave the farmstead until January of 1978. When Towne finally vacated the house it was, as the court later found, "in such a condition as to render it economically irreparable and unfit for human habitation."

Towne then filed suit against Sautter alleging that Sautter constructively evicted the Townes by continually harassing them. He also asserted that Sautter converted his property by preventing him from removing it. Towne claimed that the property was worth over $14,000.00.

Sautter counterclaimed, asserting that Towne committed waste and damage to the property. Before trial, the parties agreed

and the court ordered that Towne would post a performance bond for $11,000.00 to assure removal of the trash and personal property from Sautter's property. The agreement also provided that if Towne failed to post bond, Sautter would be entitled to a trial on his counterclaim of waste.

Towne did not post bond and the case was tried without a jury. The court, in its conclusions of law, found that Sautter was entitled to $6,299.25 in damages for waste and ordered, adjudged and decreed:

"II.

"That Defendant have a lien upon the personal property of the Plaintiff, which personal property is located upon Defendant's real property until August 1, 1981, but if the aforesaid judgment in the sum of $6,299.25 is paid before August 1, 1981, said lien shall terminate and Plaintiff shall have 60 (sixty) days after paying said judgment within which to remove his personal property from Defendant's real property."

"VI.

"If Plaintiff shall fail to pay the judgment awarded to the Defendant by August 1, 1981, or should he fail to dispose of his personal property through either auction or private sale as hereinbefore ordered and decreed, then all of said personal property shall accrue and vest in the Defendant, and all of Plaintiff's right, title and interest therein is hereby forfeited."

It is from the order providing for forfeiture, and not the award of damages, that Towne appeals.

■ The judgment in this case provided that unless Towne sold or removed his personal property he would forfeit title to the property. The judgment should be limited to a final determination of the issues before the court and, as we recently noted, "adding surplusage only creates confusion as it has in this case." *Cumber v. Cumber,* 326 N.W.2d 194, 195 (N.D.1982).

Towne argues that under § 32–17–22, NDCC, the court could only order forfeiture of his leasehold estate and could not order forfeiture of his personal property. Sautter asserts that the term "estate" as used in § 32–17–22 includes personalty as well as realty, and thus the court did not err in ordering Towne to forfeit his personal property.

Section 32–17–22, NDCC provides:

"If a guardian, *tenant for life or years,* joint tenant, or tenant in common, of real property, commits waste thereon, any person aggrieved by the waste may bring an action against him therefor, and in such action there may be judgment for treble damages, *forfeiture of the estate of the party offending,* and eviction from the premises." [Emphasis added.]

■ A forfeiture of lease terminates the lessee's rights in the premises. Because a forfeiture cuts off the tenant's rights, most courts hold that in absence of a statute authorizing forfeitures, a tenancy cannot be terminated for the breach of a covenant, condition, or collateral agreement by the lessee. See *Hogan v. Pelton,* 210 Neb. 530, 536–537, 315 N.W.2d 644, 648 (1982). Forfeitures of estates under leases are not favored in law. *Olson v. Pedersen,* 194 Neb. 159, 165, 231 N.W.2d 310, 314 (1975).

■ While some courts have held that by a forfeiture the lessee loses his right to remove improvements he has erected on the premises, our court has held that the right to remove improvements is not terminated upon forfeiture. The tenant may remove the fixtures within a reasonable time. *Hamilton v. Charlebois,* 63 N.D. 504, 248 N.W. 676, 678 (1933); *Gussner v. Mandan Creamery & Produce Co.,* 78 N.D. 594, 596, 51 N.W.2d 352, 356 (1952). The right of removal terminates when the lease so provides, when the lessee abandons the improvements, *Tkach v. American Sportsman, Inc.,* 316 N.W.2d 785, 790 (N.D.1982), or when the statutory period of eight months expires. Section 47–06–04, NDCC. A forfeiture does not affect the tenant's right to remove his personal property. See 49 Am. Jur.2d *Landlord and Tenant* § 1053 (1970).

Thus, we cannot conclude that under § 32–17–22, NDCC, a tenant loses his right to remove improvements or personality from the premises merely because he has forfeited his leasehold estate.

Sautter argues that Towne waived his rights in the property by failing to remove it from the premises. The general rule is that personalty remains the property of the tenant after termination of the lease and the tenant does not lose title to his property by failing to remove it. See *Smith v. Boyle,* 66 Neb. 823, 92 N.W. 1018 (1902). When the tenant refuses to remove his personalty the landlord may remove the property in a reasonable manner and may recover his expenses from the tenant. *Smith v. Boyle, supra.* Thus, Towne could not lose title to the property by neglecting to remove it.

Title of personal property may, however, vest in the landlord if the tenant abandons the property and the landlord takes possession. See *Application of Berman,* 310 Minn. 446, 452, 247 N.W.2d 405, 408 (1976); *State v. West,* 293 N.C. 18, 29–31, 235 S.E.2d 150, 157 (1977); *Rich v. Runyon,* 52 Or.App. 107, 113, 627 P.2d 1265, 1269 (1981). The issue of abandonment was not raised by Sautter in the lower court. We therefore cannot consider this issue on appeal. *Kraft v. Malone,* 313 N.W.2d 758, 760, n. 1 (N.D.1981).

Finally, the court imposed a "lien" which attached to Towne's personal property and terminated if Towne paid the judgment by August 1, 1981. We know of no statutory authority that justifies imposing a "lien" upon the personal property of a tenant. Section 28–21–11, NDCC provides for a writ of execution by which a judgment creditor can have the debtor's property seized and sold in satisfaction of the judgment. The writ of execution must be issued by the court in which judgment was rendered. Section 28–21–06, NDCC. The writ directs the sheriff to levy on the property described in the writ and, after giving notice required by § 28–21–12, to sell the property. Section 28–21–11, NDCC. Section 28–21–13 provides that "no writ of execution shall be a lien on personal property before the actual levy thereof." Thus, under § 28–21–12, the judgment could not impose a lien against Towne's personal property before the property had been levied upon.

For the reasons stated in this opinion, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

ERICKSTAD, C.J., and PAULSON, SAND and VANDE WALLE, JJ., concur.