BARBARA E. BRENNAN, APPELLEE, V. THOMAS G. BRENNAN AND ALICE C. BRENNAN, APPELLANTS.

332 N.W.2d 696

Filed April 21, 1983. No. 82-113.

John L. Robinson, for appellants.

Douglas L. Kluender of The Healey Law Office, for appellee.

BOSLAUGH, MCCOWN, and HASTINGS, JJ., and BRODKEY, J., Retired, and GARDEN, D.J.

GARDEN, D.J.

On June 16, 1981, Barbara E. Brennan (hereinafter Barbara), plaintiff-appellee, filed a petition for restitution of premises and rent in the county court of Lancaster County, Nebraska, pursuant to the Uniform Residential Landlord and Tenant Act, Neb. Rev. Stat. §§ 76-1401 et seq. (Reissue 1981). The real

property involved was Lot 22, Block 13, Arnold Heights, Lincoln, Lancaster County, Nebraska, more specifically identified as that portion referred to as 5107 West Luke Street, Lincoln, Lancaster County, Nebraska. The defendants-appellants did not answer or plead to Barbara's petition.

On June 29, 1981, trial was had on Barbara's petition. At that time defendant Thomas G. Brennan (hereinafter Thomas) appeared and testified, contending that he and his wife, Alice C. Brennan (hereinafter Alice), had an ownership interest of some nature in the real estate and were not tenants. After receiving the evidence the Lancaster County Court found generally in favor of Barbara and against Thomas and Alice. On July 1, 1981, the county court entered judgment on the petition and issued a writ of restitution. Thomas and Alice then perfected an appeal to the District Court of Lancaster County.

On appeal to the Lancaster County District Court, judgment was rendered in favor of Barbara. The motion for new trial filed by Thomas and Alice was overruled, and from that decision the appeal by Thomas and Alice has been perfected to this court. We affirm.

In March of 1972 Barbara and Michael Brennan, at that time husband and wife, purchased and became joint owners of real estate in Lincoln, Lancaster County, Nebraska, described as Lot 22, Block 13, Arnold Heights. This property is a duplex, with that portion referred to as 5107 West Luke Street occupied by Thomas and Alice and 5101 West Luke Street occupied by Barbara. In 1979 Michael and Barbara divorced, and Michael quitclaimed any interest he had in the real estate to Barbara. It was stipulated between the parties that as of June 16, 1981, the date of filing of the petition tried before the Lancaster County Court, the abstract of title to the real estate would show that Barbara was the record owner. From July 1980 Thomas and Alice had been paying

Barbara $200 per month as rent on the property. In 1981 Thomas and Alice failed to make the payments for April, May, and June, and at the time of trial rent was due for the full months of April and May and half of June, in the amount of $500. After notice by letter and a notice to quit delivered by Barbara to Thomas and Alice on June 12, 1981, an action was commenced on June 16, 1981, for restitution of the premises and the rent.

Thomas and Alice had lived in half of the duplex since the time that it had been purchased by Michael and Barbara and had made monthly payments to Michael and Barbara and then to Barbara after the divorce through March of 1981. Thomas testified that these payments were toward the purchase of some sort of unspecified interest in the real estate and were not rent. Barbara testified that there was no agreement between herself and Thomas and Alice, as stated by Thomas, and was unaware of any agreement between Michael Brennan and Thomas and Alice. Barbara further testified that the method of calculating the rental amount for each month was based generally on one-half of the cost of the premises. Thomas testified that he was a "silent partner" with Michael in purchasing the property and that Thomas had performed a great deal of maintenance and work on the property as part of his contribution toward his interest. Barbara testified that the work done by Thomas was primarily on the half occupied by Thomas and did not benefit her directly.

Michael Brennan was not called to testify as to the existence of any agreement between himself and Thomas. Neither did Thomas describe the nature of the interest he was to receive, when he was to receive it, and by what sort of instrument he was to be acknowledged as a part owner. Over objection, numerous exhibits were introduced showing the nature and extent of Thomas' labor and expenditures on the property and how he calculated what he felt

he owed Barbara for the use of the duplex side occupied by himself and Alice. At the time of the hearing Thomas and Alice were still in possession of one-half of the duplex. The trial court, after hearing the evidence and observing the witnesses, ruled in favor of Barbara and entered judgment for restitution and for rent in the amount of $500.

For many years it has been clear that an action for forcible entry and detainer is merely possessory, and the question of title to real estate cannot be either tried or determined in the case. *Jones v. Schmidt*, 163 Neb. 508, 80 N.W.2d 289 (1957); *Hogan v. Pelton*, 210 Neb. 530, 315 N.W.2d 644 (1982). An equitable title to real estate and possession thereof may be shown as a defense in an action for forcible entry and detainer. *Jones v. Schmidt, supra*. It has also been recognized that, generally, a claim of title is an affirmative defense. 35 Am. Jur. 2d Forcible Entry and Detainer § 44 (1967). We have previously said that an affirmative defense not pleaded raises no issue. *Columbus Bank & Trust Co. v. High Country Stable*, 202 Neb. 724, 277 N.W.2d 81 (1979).

Although this particular case is brought pursuant to the Uniform Residential Landlord and Tenant Act, the procedures set forth in the statutes are essentially the same as the procedures found at Neb. Rev. Stat. § 24-568 (Reissue 1979) on forcible entry and detainer of nonresidential property. The general rules of interpretation applying to forcible entry and detainer actions also apply to actions brought under the Uniform Residential Landlord and Tenant Act.

The trial court, however, heard the testimony concerning the claim of title, considered it in making its findings of fact, and ruled in favor of plaintiff on plaintiff's petition.

In all cases other than appeals from the small claims court, the District Court shall review the case for error appearing on the record made in the county or municipal court. Neb. Rev. Stat.

§ 24-541.06 (Cum. Supp. 1982). It is not the province of this court to weigh or resolve conflicts in the evidence, the credibility of witnesses, or the weight to be given their testimony. *Commodity Traders, Inc. v. Palmer*, 203 Neb. 667, 280 N.W.2d 49 (1979); *Mustion v. Ealy*, 201 Neb. 139, 266 N.W.2d 730 (1978).

We find no error in the record prejudicial to the defendants. The judgment of the District Court was correct and is affirmed.

AFFIRMED.