DIAN KELLY CARROLL, APPELLANT, V. GARY HOLTHUS, APPELLEE.

447 N.W.2d 22

Filed October 20, 1989.   No. 87-1059.

Dalton W. Tietjen, of Tietjen, Simon & Boyle, for appellant.

Robert R. Gibson, of Professional Legal Associates of Nebraska, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This is an appeal from the district court for Lancaster County, which reversed the judgment of the Lancaster County Court and dismissed appellant's petition for forcible entry and detainer, which sought the return of possession of the leased garage located on appellant's property.

Appellant, Dian Kelly Carroll, assigns error by the district court in considering and ruling on the availability of forcible entry and detainer as a remedy and in holding that appellee had not breached the "maintenance and repair" provisions of the lease agreement.

This case involves the adjoining properties of 337-339 N. 32d Street and 349 N. 32d Street in Lincoln, Nebraska. Philip Meade originally owned both properties, and in 1980, he sold 337-339 N. 32d Street to appellee, Gary Holthus, pursuant to a land contract. The contract contained a provision that gave Holthus a 10-year lease of the garage at 349 N. 32d Street for the sum of $1. The lease provision also stated that Holthus had "the responsibility for maintenance and repair" of the garage.

Carroll purchased the property at 349 N. 32d Street from Meade in 1984, subject to Holthus' lease. Carroll eventually became dissatisfied with Holthus' "maintenance and repair" of the garage, and in July 1986, she gave Holthus a 30-day notice demanding performance of lease obligations. On September 5, 1986, Carroll gave Holthus a 3-day notice to vacate, with which Holthus did not comply. There is conflicting evidence as to whether Holthus properly maintained and repaired the garage.

Appellant argues that the district court erred in holding that a forcible entry and detainer action was not an appropriate remedy in this case. Appellant was bound by the contract between Meade and Holthus, as paragraph 15 of the contract states: "This Agreement shall bind the successors in interest of the parties." Appellant therefore complied with the notice provision in paragraph 11 regarding default:

The failure to make any payment for a period of 45 days or the failure to perform any other provision of this Agreement for a period of 30 days after written demand for performance, shall be a default. Upon a default by Buyer, Seller may declare the unpaid balance immediately due and payable and institute foreclosure proceedings or any other remedy that may be available to Seller in law or equity.

Appellant asserts that the last sentence in paragraph 11 reserves to her the remedy of forcible entry and detainer. It does not. The words "may be available" in the above paragraph indicate only that permissible or allowable remedies are reserved.

"[I]n the absence of a statute to the contrary a tenancy cannot be terminated for the breach of a covenant, condition, or collateral agreement by the lessee unless there is an express and distinct provision in the lease for a forfeiture or right of reentry on the occurrence of the breach. . . ." *Olson v. Pedersen*, 194 Neb. 159, 165, 231 N.W.2d 310, 314 (1975).

*Hogan v. Pelton*, 210 Neb. 530, 536, 315 N.W.2d 644, 647-48 (1982).

The Meade-Holthus lease contains no express and distinct provision for forfeiture upon any breach of the lease except for the failure to pay rent. The district court was therefore correct in ruling that forcible entry and detainer was not an available remedy to appellant.

Appellant also argues that the district court improperly reviewed the record in determining that appellee did not breach the maintenance and repair provisions of the lease.

The district court, having properly found that the remedy of ejectment was not available to appellant, did not possess jurisdiction to further "inquire into the matters between the two litigants." Neb. Rev. Stat. § 24-568 (Reissue 1985). The matter of compelling repair or of damages sustained must be left to a different day and, dependent on the relief prayed for, a different forum.

The judgment of the district court is therefore affirmed.

AFFIRMED.