**STATE of Iowa, ex rel., IOWA DEPARTMENT OF HUMAN SERVICES, Petitioner–Appellant,**

v.

**Louis Edward ANTLE a/k/a Louis A. Antle, Respondent–Appellee.**

**No. 87–1187.**

Court of Appeals of Iowa.

Sept. 28, 1988.

Thomas J. Miller, Atty. Gen., and Robert R. Huibregtse, Asst. Atty. Gen., for petitioner-appellant.

Keith Ferguson, Fort Dodge, for respondent-appellee.

Considered by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

SCHLEGEL, Judge.

The State of Iowa appeals a court order dismissing a long-arm action to enforce child support obligations against an absentee father in Texas after Texas set aside the initial URESA proceeding. The State of Iowa contends that there has been no trial on the merits in either Iowa or Texas that would render the matter res judicata. Our scope of review in this matter is de novo. Iowa R.App.P. 4. We give weight to the fact findings of the trial court, but are not bound by them. Iowa R.App.P. 14(f)(7). We reverse.

Carol Spaulding and Louis Edward Antle lived together from 1964 until 1974 in the State of Michigan. Twin boys were born in Detroit, Michigan, on January 3, 1965. A girl was born on February 22, 1966, in Camden, New Jersey, while Carol and Louis were trucking together. A fourth child, a girl, was born on May 10, 1967, in Birmingham, Alabama. Birth certificates for both girls name Louis as the father. Although the twins' birth certificates do not name either Carol or Louis as the parents, they indicate that both boys took Louis's name. During the ten years Carol and Louis lived together, they had a joint checking account and presented themselves to the public as husband and wife. Carol took Louis's name shortly after they began living together.

In 1974 the family moved to Iowa. Louis and Carol continued trucking together for two to three weeks after the move, during which time the four children were placed in foster care. Subsequently, Louis moved to South Dakota and later, to Texas. After a court hearing, the children were returned to Carol, who stayed in Iowa. Carol and the children did not receive any support from Louis for approximately nine years.

From December 1, 1974, through August 30, 1983, the State of Iowa provided assistance for the support of the four children in the sum of $33,962.72.

The State considers Louis liable for the support of these children and in 1984 sought reimbursement from him by initiating a URESA support action in Texas. Certified docket entries from Texas indicate that this action failed because paternity and obligation to support were not established. In 1986, the State filed a petition for reimbursement under Iowa Code section 252B.12 to gain long-arm jurisdiction over Louis. At trial, Carol presented evidence in support of Louis's paternity and obligation of support. Louis relied upon the certified Texas civil docket entries in support of his res judicata defense. The district court found in favor of respondent and dismissed the State's petition.

"[T]he doctrine of res judicata [contemplates a] final judgment rendered upon the merits, without fraud or collusion by a court of competent jurisdiction, [which] is conclusive of the rights, questions, and facts in issue as to the parties and their privies in all other actions in the same or any other judicial tribunal or concurrent jurisdiction." *In re Estate of Ramsay*, 240 Iowa 50, 59, 35 N.W.2d 651, 656 (1949). The general rule is "that a judgment is entitled to full faith and credit ... when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment." *Durfee v. Duke*, 375 U.S. 106, 111, 84 S.Ct. 242, 245, 11 L.Ed.2d 186, 191 (1963).

The trial court in the present case based its finding of res judicata solely on two Texas court civil docket entries, one of which indicated that the reciprocal support action was dismissed due to Carol Antle's failure to establish paternity and obligation of support. While it is true that in determining whether a respondent in a URESA proceeding owes a duty of support the court must necessarily first decide whether the respondent is the child's father, *see Greenstreet v. Clark*, 239 N.W.2d 143, 147 (Iowa 1976), we are presented with nothing

in this record that indicates to us that the questions of paternity and child support have been fully and fairly litigated and finally decided in the Texas courts. The record shows that although a judgment of "not married" was recorded in an action (styled Louis Edward Antle vs. Carol Beth Antle) filed in Texas in August of 1984, some six months after the State of Iowa filed its original URESA action, the district clerk for Gregg County, Texas, stated that no actual judgment was filed with the papers in either of the two cases, which were consolidated. Moreover, a handwritten docket entry in the URESA proceeding which preceded the November 24, 1984, "dismissal" entry states "If Carol Antle not present—judgment to be entered." Carol never appeared in the Texas court on October 31, 1984, when the entry was made, and the subsequent November 24th "dismissal" entry indicates that such action was based upon Carol Antle's failure to establish Louis's paternity and obligation to support.

Based upon the foregoing, we are not convinced that the questions of paternity and child support have been fully and fairly litigated in the Texas courts. Accordingly, we hold that the trial court erred in dismissing the current long-arm proceeding in Iowa to establish Louis's past support obligation.

REVERSED AND REMANDED.