Carlos **LOZANO** and Barbara Jean Lozano, Plaintiffs–Appellants,

v.

**STATE of Iowa, Sharon Coleman, Honorable Harlan Bainter, and Honorable Joel Kamp, Defendants–Appellees.**

No. 88–745.

Court of Appeals of Iowa.

Nov. 29, 1988.

Kent Hutcheson, Ft. Madison, for plaintiffs-appellants.

Thomas J. Miller, Atty. Gen., and Kathy Skinner and Gordon Allen, Asst. Attys. Gen., for defendants-appellees.

Heard by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

SACKETT, Judge.

We are asked to determine whether the district court for Lee County properly refused Plaintiffs Carlos L. and Barbara J. Lozano's petition for an injunction enjoining defendants-appellees the State of Iowa, District Court Judges Harlan Bainter and Joel Kamp, and Sharon Coleman, an employee of the Iowa Department of Human Services, from disseminating a child abuse report entered into evidence in a dissolution modification proceeding tried in Henry County. The modification proceeding concerned custody of the minor female who allegedly was sexually abused. We determine the trial court properly denied the injunction. We affirm.

Plaintiffs bring this action under Iowa Code section 235A.20 which provides:

Any aggrieved person may institute a civil action for damages under chapter 25A or 613A or to restrain the dissemination of child abuse information in violation of this chapter, and any person, agency or other recipient proved to have disseminated or to have requested and received child abuse information in violation of this chapter shall be liable for actual damages and exemplary damages for each violation and shall be liable for court costs, expenses, and reasonable attorney's fees incurred by the party bringing the action. In no case shall the award for damages be less than one hundred dollars.

Judge Joel Kamp entered an order in Lee County, Iowa, determining the female child was a child in need of assistance pursuant to Iowa Code section 232.2(6)($l$) (1987). The juvenile court released jurisdiction to

the district court to entertain a petition for modification of the parties' dissolution decree. The modification petition had been filed by the natural father of the child.

At the modification trial the natural father's attorney offered the founded child abuse report into evidence. The natural mother objected. Her objection was overruled and the report was received in evidence. The modification involved the child victim. The alleged perpetrator was married to her mother. The modification hearing involved the custody as between her mother and father. The court here ordered the file sealed but denied other relief finding it did not have authority to enjoin Bainter or Kamp and Coleman had not disseminated any information.

Plaintiffs appeal contending the use of the report in the modification matter was in violation of the use contemplated by statute and we should direct the trial court to issue an injunction against all defendants.

We first address the challenge against the State and Coleman. The trial judge in the modification testified he considered the issue of child abuse was relevant in the issue before him, namely, who was to have custody of the child. We too find the issue of alleged abuse by the stepfather to be relevant to the modification of the custody decree as such access was authorized under Iowa Code section 235A.15(2)(d), which provides:

2. Access to child abuse information is authorized only:

d. To a juvenile court or district court upon a finding that information is necessary for the resolution of an issue arising in any phase of a case involving child abuse, except that information obtained through the registry shall not be utilized in any aspect of any criminal prosecution.

We find no unlawful dissemination and we find no breach of confidentiality when the records were made available to the district court considering the issue of the modification of the child's custody. We determine the use of the report in the modification proceeding was not in violation of the statute.

Additionally, any alleged error in the admission of evidence by a trial court should be corrected by direct appeal in those proceedings. *See Croak v. Gateway Transp. Co., Inc.,* 209 N.W.2d 39, 41 (Iowa 1973); *King City v. Southern Surety Co.,* 212 Iowa 1230, 1244, 238 N.W. 93, 99 (1931).

AFFIRMED.